**INDEPENDENT LIFT TRUCK BUILDERS UNION,**
Plaintiff–Appellee,

v.

**HYSTER COMPANY, Defendant–Appellant.**

No. 92–3114.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1993.

Decided Aug. 17, 1993.

William A. Widmer, III (argued), Martin P. Barr, Carmell, Charone, Widmer, Math-

ews & Moss, Chicago, IL, John D. McFet-ridge, Manion, Janov & Devens, Danville, IL, for plaintiff-appellee.

John B. Jenkins, Gunn & Hickman, Danville, IL, Verne W. Newcomb (argued), Newcomb, Sabin, Schwartz & Landsverk, Portland, OR, for defendant-appellant.

Before FLAUM and KANNE, Circuit Judges, and ENGEL, Senior Circuit Judge.*

ENGEL, Senior Circuit Judge.

Defendant Hyster Company appeals the district court's order compelling it to arbitrate a grievance brought by plaintiff Independent Lift Truck Builders Union on behalf of three retired employees and one current employee, 803 F.Supp. 1367. This appeal requires us to determine whether the district court improperly deferred to the arbitrator the question of whether the grievance was arbitrable. Because the district court properly ordered the Company to arbitrate the grievance insofar as it was brought on behalf of the current employee, we affirm the district court's order in part. However, because we conclude that the district court avoided its responsibility to determine whether the grievance was arbitrable insofar as the grievance was brought on behalf of the retired employees, we vacate the order in part and remand in order to allow the district court to make that determination.

## I

### A

In 1968, defendant Hyster Company ("the Company") established a medical plan for retired employees. Later, the Company entered into a series of collective bargaining agreements with plaintiff Independent Lift Truck Builders Union ("the Union"). The most recent agreement is effective from June 1991 to June 1994. Article XIX of the agreement states:

1. The present pension and insurance program shall be continued during the term of the Agreement with no change except as indicated below....

\* \* \* \*

3. The current Hyster medical plan stays in effect until December 31, 1991. A new Hyster 80/20 comprehensive Health Plan including Dental, Prescription Drugs, and Vision Coverage as outlined in the new Hyster Health Plan Booklet dated January 1, 1992, becomes effective January 1, 1992.

Article III of the agreement provides that "[a]ll disputes are subject to arbitration." Article III further provides as follows:

The arbitrator shall have authority only to interpret and apply the provisions of the Agreement and shall not have the authority to change, amend, modify, delete or add to any of the provisions of this Agreement.

In March and May of 1992, the Company implemented certain changes to insurance benefits for retired employees. Specifically, the Company eliminated vision and dental coverage and reduced prescription drug coverage for retired employees under the age of 65. The Company also raised the insurance premiums for retired employees over age 65, and it reduced their prescription drug coverage as well.

On learning of the changes to the insurance program, the Union filed a grievance on behalf of three retired employees and on behalf of one current employee who had been considering retirement. The Company denied the grievances and refused to submit to arbitration. The Union then brought this action to compel the Company to submit the grievances to arbitration.

### B

The Company moved to dismiss the complaint on the ground that the Union lacked standing to represent retired employees. The district court denied the motion but raised *sua sponte* the question of whether the Union was entitled to judgment as a matter of law. In addressing this question, the court indicated that it recognized that the question of arbitrability was for the court to

---

\* Honorable Albert J. Engel, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

decide. The court noted, for example, that "there is no dispute initially that the court, and not an arbitrator must decide the question of whether the dispute is arbitrable." *Independent Lift Truck Builders Union v. Hyster Co.*, 803 F.Supp. 1367, 1369 (C.D.Ill. 1992). The court concluded that "the dispute in this case as to whether Hyster can unilaterally change health benefits for retirees, is arbitrable." *Id.*

Other portions of the court's order, however, indicate that the court actually decided to defer to the arbitrator the question of arbitrability. The court noted that the dispute over arbitrability could be reduced to a question over the interpretation of the term "employees" as used in the collective bargaining agreement. The court observed that, if the term were interpreted to include retired employees as well as current employees, the Union's grievance would have merit. The court reasoned as follows:

> The court cannot determine, however, as a matter of law, the meaning the parties attributed to the word "employees." ... Hyster may have a strong argument that the term "employees" does not refer to retired employees. However, Hyster *must make that argument to an arbitrator.*

*Id.* at 1371 (emphasis added). The court further explained that, "[i]n order to find that the dispute in this case was not arbitrable, the court essentially would have to rule on the merits of the dispute." *Id.* at 1370. Accordingly, the court ordered the dispute to arbitration.

Hyster now appeals. While the issue may at first blush appear to involve a distinction without a difference, we respectfully disagree. The Supreme Court recognizes such differences as important and so do we. The ultimate result may well depend upon it. We cannot short-circuit the procedural necessities by speculating that the same result *might* obtain either way.

## II

### A

The parties and the district court appear to agree that the question of arbitrability is for the court, and not the arbitrator. *See* *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962) ("[u]nder our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties"); *John Wiley & Sons v. Livingston*, 376 U.S. 543, 547, 84 S.Ct. 909, 913, 11 L.Ed.2d 898 (1964) ("[t]he duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty"); *AT & T Technologies v. Communications Workers*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

Disagreement arises, however, over whether the district court actually followed its own rule. The Union argues that the district court ruled that the grievance was arbitrable. The Company points out that the district court informed the parties that they would be free to present to the arbitrator arguments concerning whether retired employees were covered by the collective bargaining agreement. By leaving this inquiry for the arbitrator, the Company argues, the district court impermissibly deferred the question of arbitrability to the arbitrator.

The confusion in this case stems from the fact that all three inquiries to which the parties have addressed their arguments— whether the Union has standing to file a grievance on behalf of retired employees, whether the grievance is arbitrable, and whether the grievance has merit—all collapse into the same inquiry: whether the collective bargaining agreement covers retired employees. A court or arbitrator addressing one of the inquiries must necessarily answer the other two: if retired employees are covered by the agreement, then the Union has standing, the grievance is arbitrable, and the grievance has merit. If, on the other hand, the agreement does not extend to retired employees, then the Union has no standing.

Thus phrased, the inquiry creates tension between two doctrines relating to the arbitrability of labor disputes. On one side is the proposition, noted above, that the question of

arbitrability is to be decided by the court. On the other is the proposition that, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *AT & T Technologies*, 475 U.S. at 649, 106 S.Ct. at 1419. *See also Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960) ("The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements."); *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960) ("The courts, therefore, have no business weighing the merits of the grievance."). Courts may not address the merits of labor disputes even "under the guise of interpreting the grievance procedure of collective bargaining agreements." *American Manufacturing Co.*, 363 U.S. at 569, 80 S.Ct. at 1347. In other words, we judges may not peek.

This tension is often more apparent than real. In the two cases from the *Steelworkers Trilogy* just cited, the Supreme Court reversed because the lower courts had addressed the merits of the underlying disputes in a manner wholly unnecessary to the disposition of the cases. In *American Manufacturing Co.*, the court of appeals had ruled that the grievance was not arbitrable because it was "a frivolous, patently baseless one." *Steelworkers v. American Manufacturing Co.*, 264 F.2d 624, 628 (6th Cir.1959) (quoted in *Steelworkers v. American Manufacturing Co.*, 363 U.S. at 566, 80 S.Ct. at 1345). Similarly, in *Enterprise Corp.*, the court of appeals had refused to enforce an arbitration award on the ground that the remedy embodied in the award was not authorized by the collective bargaining agreement. *Enterprise Wheel & Car Corp. v. United Steelworkers*, 269 F.2d 327 (4th Cir.1959) (cited in *Steelworkers v. Enterprise Corp.*, 363 U.S. at 596, 80 S.Ct. at 1360). In both cases, the courts of appeals clearly overstepped their bounds in refusing to compel arbitration or to enforce the arbitration award. These cases thus provide little guidance where, as here, a court cannot address the arbitrability question without at the same time addressing the underlying merits of the dispute.

The case of *Litton Financial Printing v. NLRB*, —— U.S. ——, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991), is more apposite. In *Litton*, the company had laid off ten employees approximately a year after the most recent collective bargaining agreement expired. The National Labor Relations Board found that the company's actions, though illegal, were not arbitrable because they did not arise under the expired collective bargaining agreement. The court of appeals reversed the latter portion of the Board's ruling, and ordered the dispute to arbitration. The Supreme Court reversed, finding that the dispute did not arise under the agreement and was therefore not arbitrable.

The union in *Litton* argued, as does the Union here, that the court could not rule the dispute inarbitrable because such a ruling would be tantamount to a ruling that the dispute was not meritorious. *See id.* at ——, 111 S.Ct. at 2226. The Court rejected this argument. Although its reasoning is less than clear, the Court did not seem troubled by the fact that a decision on the question of arbitrability necessarily entailed a decision on the substantive merits of the dispute: "Although doubts should be resolved in favor of coverage, we must determine whether the parties agreed to arbitrate this dispute, and we cannot avoid that duty because it requires us to interpret a provision of a collective bargaining agreement." *Id.* at ——, 111 S.Ct. at 2227 (quotation and citation omitted).

It appears, then, that the rule that courts must decide arbitrators' jurisdiction takes precedence over the rule that courts are not to decide the merits of the underlying dispute. If the court must, to decide the arbitrability issue, rule on the merits, so be it. Where one party to an arbitration agreement containing a limitations clause objects to an order compelling arbitration on the ground that some of the claims are time-barred, the district court must decide whether the claims are stale. *Roney & Co. v. Kassab*, 981 F.2d 894, 897 (6th Cir.1992).

Applying this reasoning to the case at bar, we hold that the district court erred in ordering the dispute to arbitration without first determining that it was arbitrable. Accord-

ingly, we remand the cause to the district court so that the district court may determine whether the collective bargaining agreement applies to retired employees. Only after the district court has determined that the parties intended the agreement to apply to retired employees may the court order the dispute to arbitration.

**B**

One issue remains to be addressed. In addition to three retired employees, the Union also brought this suit on behalf of one current employee, Wayne Danner. Danner alleges that he had been considering retirement until he learned of the change in the benefits plan. Obviously, insofar as the Union's grievance was brought on behalf of Danner, the inquiry into whether the parties intended the collective bargaining agreement to cover retired employees need not be performed in order to determine whether the grievance is arbitrable (although such an inquiry will need to be performed in order to determine whether the grievance is meritorious). Accordingly we affirm the district court's order insofar as the grievance pertains to Danner.

**III**

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment to the Union and compelling the Company to arbitrate the grievance insofar as the grievance was brought on behalf of Wayne Danner. We VACATE the remainder of the order and we REMAND for further proceedings consistent with this opinion.