**LOCAL 744, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Plaintiff–Appellee,**

v.

**HINCKLEY & SCHMITT, INCORPORATED, Defendant–Appellant.**

No. 95–2371.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1995.

Decided Feb. 12, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied March 7, 1996.

Marvin Gittler (argued), Susan Brannigan, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for Plaintiff–Appellee.

Sari M. Alamuddin, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, William R. Sullivan, Jr. (argued), Mary K. Lawler,

Franczek, Sullivan, Mann, Crement, Hein & Relias, Chicago, IL, for Defendant–Appellant.

Before LAY,* CUMMINGS and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

This case involves the question of whether oil checkers and pallet makers are categories of workers covered by a collective bargaining agreement that contains a provision requiring arbitration of "all differences arising out of the interpretation or application of any provision of [the] agreement." The district court determined that the question should be answered by an arbitrator, not the court. For the following reasons, we reverse that decision and remand the case for the district court to decide conclusively whether the agreement covers the employees in question.

## Background

The following facts are undisputed. Defendant Hinckley & Schmitt, Inc. ("Hinckley") sells bottled water and operates three facilities in Illinois, including a production facility on Harlem Avenue in Chicago. Hinckley and plaintiff Local 744, International Brotherhood of Teamsters ("Union") are parties to a collective bargaining agreement effective through May 15, 1997. Under Article II of that contract, Hinckley is required to recognize the Union as the exclusive bargaining representative for certain employees in its Chicago facilities.

In April 1993, the Union submitted a grievance to Hinckley asserting that non-Union employees classified as pallet makers, oil checkers and sanitation workers[1] were performing work covered by the collective bargaining agreement at Hinckley's Harlem Avenue facility in violation of Articles II, III and IV and the contract as a whole. The grievance demanded that these employees be put in the bargaining unit and receive the wage rates and benefits specified in the contract.

In June 1993, Hinckley wrote to the Union to inform it that such employees had never been included in the bargaining unit and have different assigned tasks with different rates of pay and benefits than those in the unit. Hinckley concluded that this grievance was therefore inappropriate. In December 1993, the Union filed suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, requesting the district court to compel arbitration of the grievance filed by the Union. In May 1995, the District Court, through Magistrate Judge Pallmeyer, ordered arbitration to determine whether oil checkers and pallet makers are covered by the agreement and therefore within the collective bargaining unit. Thereafter, summary judgment was entered in favor of the Union.

## Discussion

### I.

We review the grant of a motion for summary judgment *de novo*, drawing all reasonable inferences in favor of the non-moving party. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir.1995). The question before us is whether this dispute is arbitrable. Answering such a question involves a recognized tension between two doctrines relating to arbitrability. On the one hand, the issue of arbitrability is to be resolved by the courts. *First Options of Chicago, Inc. v. Kaplan*, —— U.S. ——, ——, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). On the other hand, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying case." *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In other words, "we judges may not peek." *Independent Lift Truck Builders Union v. Hyster Co.*, 2 F.3d 233, 236 (7th Cir.1993).

The agreement between Hinckley and the Union does not specifically state that oil

---

* The Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit is sitting by designation.

1. The Union subsequently admitted that it does not have the position of sanitation worker, so that the grievance only covers pallet makers and oil checkers.

checkers and pallet makers are categories of employees that are covered. However, the agreement purports to apply not only to those categories of employees that are mentioned specifically, but to "all production and plant employees" as well. If this phrase includes oil checkers and pallet makers, then the Union's grievance must be arbitrated pursuant to the agreement, and will likely be successful. If the phrase does not include oil checkers and pallet makers, then the agreement and its arbitration clause do not apply. Thus the determination of arbitrability is essentially a determination of the grievance itself. The district court expressed concern over this fact:

> [T]he court notes that if it were to follow [case law] to the conclusion for which [Hinckley] here argues, then the court would have to determine whether oil checkers and pallet makers are covered by the bargaining agreement, and thus within the bargaining unit, before it could determine whether the grievance is arbitrable. If the employees are covered by the agreement, then the dispute is arbitrable and the Union will prevail; if they are not covered ... then the dispute is not arbitrable. Either outcome would leave the arbitrator with very little to decide. 1995 WL 290236 [Memorandum Opinion and Order dated May 9, 1995].

As a result of this concern, Magistrate Judge Pallmeyer held that arbitration was appropriate.

This Court has previously addressed cases similar to this one. In *Local 703, Int'l Bhd. of Teamsters v. Kennicott Bros.*, 725 F.2d 1088 (7th Cir.1984), we were faced with a dispute over whether certain categories of employees in a collective bargaining agreement included bouquet makers, a category that was not expressly included in the agreement. There, as here, the parties had an open-ended arbitration clause requiring arbitration of "all disputes and grievances" arising out of the agreement. We held that under the circumstances it was appropriate for an arbitrator to decide the dispute. *Id.* at 1091.

Several years after *Kennicott*, the Supreme Court decided *Litton Fin. Printing*

*Div. v. NLRB*, 501 U.S. 190, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). In *Litton*, a company had laid off employees after the expiration of a collective bargaining agreement. The National Labor Relations Board found that the company's actions, though illegal, were not arbitrable because they did not arise under the expired collective bargaining agreement. The court of appeals reversed the NLRB's ruling and ordered the dispute to arbitration. The Supreme Court reversed that decision, finding that the dispute was not arbitrable. In so doing, the Court discussed the tension between a court's duty to decide arbitrability and its prohibition from deciding the merits of an arbitrable issue. It concluded, "Although doubts should be resolved in favor of [arbitrability], we must determine whether the parties have agreed to arbitrate this dispute, and we cannot avoid that duty because it requires us to interpret a provision of a collective bargaining agreement." *Id.* at 209, 111 S.Ct. at 2227. This holding was based upon the principle that "a party who has not agreed to arbitrate will normally have a right to a court's decision about the merits of the dispute." *First Options of Chicago*, —— U.S. at ——, 115 S.Ct. at 1923. This is true unless that party has contractually agreed otherwise. *Id.* at ——, 115 S.Ct. at 1924. Thus *Litton* brought into question the continuing validity of *Kennicott*.

Shortly after *Litton*, this Court decided *Independent Lift Truck Builders Union v. Hyster Co., supra*. In *Hyster*, the question was whether retired employees were covered by a collective bargaining agreement that included "employees." The district court, following the logic of *Kennicott*, had refused to decide the issue:

> The court cannot determine, however, as a matter of law, the meaning the parties attributed to the word "employees." ... Hyster may have a strong argument that the term "employees" does not refer to retired employees. However, Hyster must make that argument to an arbitrator. *Independent Lift Truck Builders Union v. Hyster Co.*, 803 F.Supp. 1367, 1371 (C.D.Ill.1992).

This Court held that in light of the Supreme Court's decision in *Litton*, the dis-

trict court had erred in deferring to an arbitrator instead of determining whether the retired employees were covered by the agreement, and thus whether the dispute was arbitrable. In so doing, we stated, It appears that the rule that courts must decide arbitrators' jurisdiction takes precedence over the rule that courts are not to decide the merits of the underlying dispute. If the courts must, to decide the arbitrability issue, rule on the merits, so be it. *Hyster*, 2 F.3d at 236.

Other courts have interpreted *Litton* in the same manner. See *Luden's Inc. v. Local Union No. 6*, 28 F.3d 347, 354 n. 10 (3rd Cir.1994) (collecting cases).

Here Magistrate Judge Pallmeyer also improperly deferred to an arbitrator. To have determined that the Union's grievance was arbitrable, she would have had to determine conclusively that oil checkers and pallet makers are covered by the collective bargaining agreement. Having not made such a determination, she did not decide the arbitrability issue.

We do not mean to say that situations do not exist where it is proper for an arbitrator, and not a court, to decide whether a dispute is arbitrable. The Supreme Court has expressly recognized that parties may agree to "arbitrate the arbitrability issue." See *AT & T Technologies v. Communications Workers, supra.* However, the Court has very recently stated:

> Courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clear and unmistakable" evidence that they did so. The law treats silence or ambiguity about the question "who should decide arbitrability" differently from the way the question of "whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement"—for in respect to this latter question the law reverses the presumption [in favor of arbitration].
> *First Options of Chicago*, [—— U.S. at ——] 115 S.Ct. at 1924.

Here there is no evidence, much less evidence that is "clear and unmistakable," that Hinckley agreed to have an arbitrator decide whether a dispute is arbitrable.

II.

Hinckley also challenges the district court's denial of its motion to compel discovery. Specifically, Hinckley had demanded information from the Union concerning, *inter alia*, whether certain employees were dues-paying Union members, as well as the nature and content of discussions between Union representatives and employees (discussions both prior and subsequent to the Union filing its grievance and discussions including employees not even arguably within the categories at issue in this dispute). The district court determined that because the Union's grievance sought only to have oil checkers and pallet makers (and formerly sanitation workers) put in the bargaining unit, the motion to compel involved information that was beyond the scope of the grievance and was therefore irrelevant. (Supp.App. to Union's Brief at p. 7). Hinckley has not shown, either to the district court or to this Court, the relevance of the information sought or why the denial of the motion to produce that information would cause it "actual and substantial prejudice" or "a limitation on its substantial rights." *Jurcev v. Cent. Community Hosp.*, 7 F.3d 618, 627 (7th Cir.1993). Therefore denial of the discovery motion was proper.

### Conclusion

Because the district court did not conclusively decide whether the categories of employees in question were included within the bargaining unit, its decision is reversed and the case is remanded for the district court to make the necessary determination.