INDEPENDENT LIFT TRUCK
BUILDERS UNION,
Plaintiff,

v.

NACCO MATERIALS HANDLING
GROUP, INC., Defendant.

No. 98–CV–211.

United States District Court,
C.D.Illinois,
Danville/Urbana Division.

Dec. 28, 1998.

John D. McFetridge, Manion Devens & McFetridge, Danville, IL, William A. Widmer, III, Carmell, Charone, Widmer, Mathews & Moss, Chicago, IL, for Plaintiff.

L. Lee Smith, Westervelt, Johnson, Nicoll & Keller, Peoria, IL, Verne W. Newcomb, Wayne d. Landsverk, Newcomb, Sabin, Schwartz & Landsverk, Portland, OR, for Defendant.

## ORDER

McCUSKEY, District Judge.

On May 18, 1998, Plaintiff, Independent Lift Truck Builders Union, filed a Complaint (# 1) against Defendant, NACCO Materials Handling Group, Inc. Plaintiff sought an Order compelling Defendant to submit a grievance to arbitration. Defendant filed a Motion for Summary Judgment (# 9) arguing that the issue Plaintiff sought to arbitrate was already decided by an arbitrator on May 10, 1993. On August 28, 1998, Plaintiff filed a Cross–Motion for Summary Judgment (# 12). On September 25, 1998, Plaintiff filed a Motion for Sanctions (# 21), and, on November 6, 1998, Defendant filed its Motion for Sanctions (# 22).

This court finds that the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider. Accordingly, Plaintiff is entitled to an Order compelling

Defendant to submit the grievance to arbitration. Therefore, Plaintiff's Cross–Motion for Summary Judgment (# 12) is GRANTED. Defendant's Motion for Summary Judgment (# 9) and Motion for Sanctions (# 22) are DENIED. Further, while this court has ruled in favor of Plaintiff, it finds that Defendant's position was not frivolous or baseless. As a result, Plaintiff's Motion for Sanctions (# 21) is DENIED.

## FACTS

The essential facts underlying Plaintiff's cause of action are not disputed. Plaintiff is the representative for the employees of Defendant concerning grievances, wages, hours, and terms and conditions of employment. Defendant is the successor to Hyster Company. In 1992, Plaintiff filed a complaint in the United States District Court for the Central District of Illinois against Hyster Company. Plaintiff sought an order compelling Hyster Company to arbitrate a grievance. The grievance was filed on behalf of a current employee considering retirement and three retired employees. The grievance claimed that Hyster Company had "unilaterally changed the benefits plan for certain retirees, eliminating vision and dental coverage, lowering certain deductibles, and increasing premiums for certain retirees." *Independent Lift Truck Builders Union v. Hyster Co.*, 803 F.Supp. 1367, 1368 (C.D.Ill.1992), *aff'd in part, vacated and remanded in part*, 2 F.3d 233 (7th Cir.1993). Plaintiff argued that this unilateral action by Hyster Company violated the collective bargaining agreement (Agreement) in effect between Plaintiff and Hyster Company. Hyster Company claimed that the grievance was not arbitrable as a matter of law because Plaintiff did not represent retirees and the Agreement did not cover retirees. *Hyster Co.*, 803 F.Supp. at 1368.

United States District Judge Harold A. Baker recognized that the dispute centered around whether Plaintiff represented retirees as well as current employees under the Agreement. He further stated that a "determination that retirees are not employees represented by [Plaintiff] and covered by the Agreement would constitute a resolution of that issue." *Hyster Co.*, 803 F.Supp. at 1370.

Judge Baker then granted summary judgment in favor of Plaintiff and ordered Hyster Company to arbitrate the grievance. *Hyster Co.*, 803 F.Supp. at 1371–72. Hyster Company appealed this ruling to the Seventh Circuit.

However, while the appeal was pending, the parties submitted the grievance to arbitration. On January 25, 1993, a hearing was held before Arbitrator Thomas F. Levak of Portland, Oregon. Both parties were represented by counsel, and testimony and evidence were presented. Following the hearing, the arbitrator issued an 18–page opinion on May 10, 1993. After carefully considering the evidence and the arguments presented, Arbitrator Levak found that the language of the Agreement was absolutely clear and unambiguous. He determined that, based upon this clear and unambiguous language, the Agreement covered "only employees, not retirees." Accordingly, Arbitrator Levak concluded that Hyster Company did *not* violate the Agreement "when it unilaterally modified health and welfare benefits for current and *future* retirees. The grievance is denied and dismissed." (Emphasis added.)

Subsequently, the Seventh Circuit issued its opinion in *Independent Lift Truck Builders Union v. Hyster Co.*, 2 F.3d 233 (7th Cir.1993). The Seventh Circuit found that Judge Baker properly ordered Hyster Company to arbitrate the grievance insofar as it was brought on behalf of the current employee, but erred in ordering the retirees' dispute to arbitration without first determining that it was arbitrable. *Hyster Co.*, 2 F.3d at 236–37. The Seventh Circuit remanded the cause "so that the district court may determine whether the collective bargaining agreement applies to retired employees." *Hyster Co.*, 2 F.3d at 236–37. Regarding the grievance brought on behalf of the current employee, the Seventh Circuit stated, " the inquiry into whether the parties intended the collective bargaining agreement to cover retired employees need not be performed in order to determine whether the grievance is arbitrable (although such an inquiry will need to be performed in order to determine whether the grievance is meritorious)." *Hyster Co.*, 2 F.3d at 237.

After remand, Judge Baker found, upon advice of counsel for the parties, that the cause was moot. Accordingly, the case was terminated with prejudice.

On May 18, 1998, Plaintiff filed a complaint again seeking to compel arbitration of a grievance. Plaintiff alleged that, on October 31, 1997, it filed a grievance on behalf of employees electing to retire in the near future protesting a 600% increase in health care premiums for retirees. Plaintiff further alleged that Defendant refused to arbitrate the grievance, contending that the Agreement only covers current employees, not retirees.

On August 13, 1998, Defendant filed its Motion for Summary Judgment. Defendant argued that the issue of whether retiree benefits were covered by the Agreement was decided by Arbitrator Levak following a full evidentiary hearing. Defendant contended that Plaintiff's suit was barred by issue preclusion. Plaintiff filed a Cross–Motion for Summary Judgment on August 28, 1998. Plaintiff argued that it is clear from the Seventh Circuit's opinion in *Hyster Co.* that it is entitled to arbitrate disputes involving current employees considering retirement. It also contends that the doctrine of issue preclusion does not preclude arbitration on the current grievance. Both Plaintiff and Defendant are so convinced that their respective positions are correct that both have filed a Motion for Sanctions.

## ANALYSIS

### I. ARBITRATION

■ When the parties include an arbitration clause in their collective bargaining agreement, they choose to have disputes concerning construction of the agreement resolved by an arbitrator. *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of America,* 461 U.S. 757, 764, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). The narrow question before this court is whether this dispute is arbitrable. See *Local 744, Int'l Bhd. of Teamsters v. Hinckley & Schmitt, Inc.,* 76 F.3d 162, 163 (7th Cir.1996). In making this determination, any doubts should be resolved in favor of arbitrability. *Litton Financial Printing Div., a Div. of Litton Business Systems, Inc. v. N.L.R.B.,* 501 U.S. 190, 209, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). This court must decide whether the parties have agreed to arbitrate this dispute, and the court cannot avoid that duty because it requires it to interpret a provision of the collective bargaining agreement. *Litton,* 501 U.S. at 209, 111 S.Ct. 2215; *Local 744,* 76 F.3d at 164–65; *Hyster Co.,* 2 F.3d at 236.

■ Defendant's argument, essentially, is that there is no point in submitting the grievance to arbitration because Arbitrator Levak has already decided the issue. Arbitrator Levak interpreted the Agreement and found that the Agreement does not cover retirees. Therefore, Arbitrator Levak concluded that Defendant could, without violating the Agreement, unilaterally change benefits for retirees. Arbitrator Levak then denied the grievance before him.

This court agrees with Defendant that the issue raised in Plaintiff's October 31, 1997, grievance is essentially identical to the issue raised in the grievance decided by Arbitrator Levak. The issue raised by both grievances is whether Defendant can unilaterally change the benefits provided to retirees. This court further notes that the current Agreement between the parties, effective for the years 1997 to 2000, has not changed the language Arbitrator Levak found was "absolutely clear and unambiguous" and that reflected "the parties mutual intent that the term 'employee' does not include retirees." However, this court cannot agree with Defendant that the October 31, 1997, grievance cannot be submitted for arbitration.

In the world of labor arbitration, the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider. *Brotherhood of Maintenance of Way Employees v. Burlington Northern R.R. Co.,* 24 F.3d 937, 940 (7th Cir.1994). This is because "'the scope of the arbitrator's authority [to determine the preclusive effect of an earlier award] is itself a question of contract interpretation that the parties have delegated to the arbitrator.'" *Burlington Northern R.R. Co.,* 24 F.3d at 940 (quoting *W.R. Grace & Co.,* 461 U.S. at 765, 103 S.Ct. 2177); see also

*Production & Maintenance Employees' Local 504, Laborers' Int'l Union of North America, AFL–CIO v. Roadmaster Corp.,* 916 F.2d 1161, 1162–63 (7th Cir.1990); *International Bhd. of Elec. Workers, Local Union No. 199 v. United Telephone Co. of Florida,* 738 F.2d 1564, 1572 (11th Cir.1984) (binding precedent of arbitrator's decision is a matter of contract interpretation for the arbitrator, not the courts). A contract may specify the preclusive effect of an earlier decision or permit arbitrators to do so. *Pierce v. Commonwealth Edison Co.,* 112 F.3d 893, 895–96 (7th Cir.1997). " 'Parties to a collective bargaining agreement can elect to have rigorous rules of preclusion or lax ones." *Chicago Typographical Union No. 16 v. Chicago Sun–Times, Inc.,* 935 F.2d 1501, 1509 (7th Cir.1991) (quoting *Roadmaster Corp.,* 916 F.2d at 1162).

The Agreement in this case provides that the "decision of the arbitrator shall be final and binding upon the parties." It also states that "[a]ll disputes are subject to arbitration." This court concludes that, based upon the language of the Agreement, Arbitrator Levak's decision was final and binding on the dispute before him. However, the October 31, 1997, grievance filed by Plaintiff is a new dispute, involving different current employees and different changes in retiree benefits. Therefore, while the contract interpretation issue raised in both disputes is essentially the same, the Agreement does not specifically provide that the decision on the first dispute has preclusive effect over the second dispute. As a result, based upon the language of the Agreement, this dispute is subject to arbitration. It will be for the arbitrator to decide the preclusive effect of Arbitrator Levak's earlier decision. See *Burlington Northern R.R. Co.,* 24 F.3d at 940.

This court must note that Defendant is correct that, in some cases, federal courts have given preclusive effect to an arbitration award. See *Stulberg v. Intermedics Orthopedics, Inc.,* 997 F.Supp. 1060, 1066 (N.D.Ill. 1998); *Hybert v. Shearson Lehman/American Express Inc.,* 688 F.Supp. 320, 325 (N.D.Ill.1988); *O'Neill v. Merrill Lynch, Pierce, Fenner & Smith,* 654 F.Supp. 347, 351 (N.D.Ill.1987); *Norman Kern & Co. v. McNabola (In re McNabola),* 43 B.R. 362 365 (N.D.Ill.1984). The court in *Stulberg*

noted that "courts may impose such preclusion in appropriate cases." *Stulberg,* 997 F.Supp. at 1066. However, *Stulberg* and the other cases cited all involved privately contracted rights, not rights based on collective bargaining agreements between labor unions and employers. See *Stulberg,* 997 F.Supp. at 1067. As noted previously, in the world of labor arbitration, the preclusive effect of an arbitrator's decision is for an arbitrator to consider, not the court. *Burlington Northern R.R. Co.,* 24 F.3d at 940.

The October 31, 1997, grievance involves current employees considering retirement. The Seventh Circuit held that such a grievance is subject to arbitration whether or not the Agreement covers retirees. *Hyster Co.,* 2 F.3d at 237. Further, issue preclusion does not bar arbitration of the October 31, 1997, grievance. As a result, this court concludes that Plaintiff is entitled to an order compelling arbitration of its October 31, 1997, grievance. Accordingly, Plaintiff's Cross–Motion for Summary Judgment is GRANTED.

## II. SANCTIONS

This court has concluded that Plaintiff's position is correct and that arbitration must be compelled under the circumstances here. However, contrary to Plaintiff's argument in its Motion for Sanctions, this court also concludes that Defendant's arguments were not totally baseless and, in fact, had some logical and practical appeal. In short, this court concludes that Defendant's position was colorable enough to avoid sanctions for frivolity. See *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,* 990 F.2d 957, 963 (7th Cir.1993); *Landis & Gyr Powers, Inc. v. Powers U.K., Ltd.,* 1990 WL 165323, at *3 (N.D.Ill.1990). Accordingly, this court finds that sanctions against Defendant are not warranted.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Cross–Motion for Summary Judgment (# 12) is GRANTED.

(2) Defendant's Motion for Summary Judgment (# 9) is DENIED.

(3) Defendant's Motion for Sanctions (# 22) is DENIED.

(4) Plaintiff's Motion for Sanctions (# 21) is DENIED.

This case is terminated. The parties shall be responsible for their own court costs.