INDEPENDENT LIFT TRUCK
BUILDERS UNION, Plaintiff–
Appellee/Cross–Appellant,

v.

NACCO MATERIALS HANDLING
GROUP, INC., Defendant–
Appellant/Cross–Appellee.

Nos. 99–1251, 99–1306.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 29, 1999.

Decided Jan. 27, 2000.

William A. Widmer, III (argued), Carmell, Charone, Widmer, Mathews & Moss, Chicago, IL, John D. McFetridge, Manion, Devens & McFetridge, Danville, IL, for Plaintiff–Appellee/Cross–Appellant.

Lee Smith, Peoria, IL, Verne W. Newcomb (argued), Newcomb, Sabin, Schwartz & Landsverk, Portland, OR, for Defendant–Appellant/Cross–Appellee.

Before WOOD, JR., MANION, and EVANS, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Plaintiff-appellee Independent Lift Truck Builders Union ("the Union") is the representative union for the employees of defendant-appellant NACCO Materials Handling Group, Inc., ("NACCO"). In May 1998, the Union filed this suit against NACCO seeking a court order requiring NACCO to arbitrate a dispute over NACCO's right to make unilateral changes to retiree medical benefits. The district court ordered arbitration, and NACCO appeals. The Union cross-appeals, arguing that the district court erred in denying its request for Fed. R. Civ. P. 11 sanctions against NACCO, and asks this court to award further sanctions against NACCO pursuant to Fed. R. App. P. 38.

## I. BACKGROUND

In October 1997, the Union filed a grievance on behalf of current employees seeking to retire in the near future protesting a 600% increase in health care premiums for NACCO retirees. The Union alleged that NACCO's unilateral change of the retiree benefits plan violated the collective bargaining agreement ("CBA") in place between the Union and NACCO. The CBA contained an express grievance procedure which culminated in arbitration and provided "[a]ll disputes are subject to arbitration." NACCO, however, refused to arbitrate the October 1997 grievance, asserting that the CBA covered only current employees and not retirees. The Union then filed its complaint in the present case, seeking an order compelling NACCO to arbitrate the grievance.

The present case is not the first dispute between these parties on this issue. In

1992, the Union filed a complaint in the United States District Court for the Central District of Illinois against NACCO's predecessor, Hyster Company, seeking an order compelling Hyster Company to arbitrate a grievance brought on behalf of three retired employees and a current employee contemplating retirement. The 1992 grievance alleged that Hyster Company violated the collective bargaining agreement then in place by unilaterally changing the benefits plan as it related to medical benefits for certain retirees. The district court granted summary judgment in favor of the Union and ordered Hyster Company to arbitrate the grievance. *Independent Lift Truck Builders Union v. Hyster Co.*, 803 F.Supp. 1367, 1371–72 (C.D.Ill.1992). Hyster Company appealed. While this appeal was pending, the parties proceeded to arbitration before arbitrator Thomas F. Levak. An arbitration hearing was held on January 25, 1993. Following that hearing, arbitrator Levak, in an eighteen-page opinion issued May 10, 1993, found the collective bargaining agreement in question clearly and unambiguously covered only employees and not retirees. Levak therefore held that Hyster Company did not violate the collective bargaining agreement "when it unilaterally modified health and welfare benefits for current and future retirees" and denied the Union's grievance.

Meanwhile, Hyster Company's appeal of the district court order was argued before the Seventh Circuit on April 5, 1993. The appellate opinion was issued on August 17, 1993. *Independent Lift Truck Builders Union v. Hyster Co.*, 2 F.3d 233 (7th Cir. 1993). The panel found "the district court properly ordered [Hyster] Company to arbitrate the grievance insofar as it was brought on behalf of the current employee." *Id.* at 234. However, the court concluded that, with respect to the claims of the retired employees, the district court erroneously ordered arbitration without first determining whether the dispute was arbitrable, that is whether the collective bargaining agreement applied to retired employees. *Id.* at 236–37. The matter

was affirmed in part, reversed in part, and remanded to the district court for a determination as to whether the parties intended the collective bargaining agreement to apply to retired employees. *Id.* at 237. On remand, the district court, upon advice of the parties, dismissed the case as moot.

In the present case, the parties filed cross-motions for summary judgment, and each party also filed a motion for sanctions under Fed. R. Civ. P. 11. In its summary judgment motion, NACCO argued the Union's suit was barred by issue preclusion based on the 1992 arbitration and the CBA's finality clause which states: "The decision of the arbitrator shall be final and binding upon the parties." In its cross-motion for summary judgment, the Union asserted that, based on the Seventh Circuit opinion in the 1992 *Hyster Co.* case, it clearly was entitled to arbitrate grievances on behalf of current employees contemplating retirement and, furthermore, that the preclusive effect of a prior arbitrator's decision was itself a question for an arbitrator. The district court granted summary judgment in favor of the Union and denied both parties' requests for sanctions. NACCO appeals the district court's grant of summary judgment. The Union cross-appeals, challenging the district court's denial of its request for Rule 11 sanctions. The Union also has filed a motion asking this court to award sanctions against NACCO pursuant to Fed. R. App. P. 38.

## II. ANALYSIS

### A. Summary Judgment

We review the district court's grant of summary judgment *de novo*. *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 881 (7th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ The facts of the present case are undisputed, so we turn to an analysis of the relevant law. It is well-established that the determination as to "[w]hether a particular bargaining agreement creates a duty to arbitrate is a matter for judicial determination." *Local Union 1393 Int'l Bhd. of Elec. Workers v. Utilities Dist. of W. Indiana,* 167 F.3d 1181, 1183 (7th Cir. 1999). However, it is equally well-established that "the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider." *Brotherhood of Maintenance of Way Employees v. Burlington Northern R.R. Co.,* 24 F.3d 937, 940 (7th Cir.1994) (citing *W.R. Grace & Co. v. United Rubber Workers,* 461 U.S. 757, 765, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983)); *see also Production Employees' Local 504 v. Roadmaster Corp.,* 916 F.2d 1161, 1162 (7th Cir.1990) ("Whether more than one arbitrator can take a crack at interpreting the contract is itself a question of contractual interpretation."). As previously noted, the CBA included an arbitration clause which stated that "[a]ll disputes are subject to arbitration." By including this clause in the CBA, the parties agreed to have their disputes concerning construction of the CBA, including its finality provision, resolved by an arbitrator rather than the courts. *W.R. Grace,* 461 U.S. at 764, 103 S.Ct. 2177. As we noted in *Roadmaster,* under such circumstances, "the union is entitled to an order compelling arbitration even if the doctrine of claim preclusion in federal law might forbid successive litigation had the first arbitrator been a judge." *Roadmaster Corp.,* 916 F.2d at 1163.

■ The CBA clearly requires arbitration of grievances brought on behalf of current NACCO employees, the only group at issue here. *See Independent Lift Truck Builders Union v. Hyster Co.,* 2 F.3d at 234. NACCO concedes in its reply brief that the present grievance was arbitrable on its face. The district court was correct in ordering NACCO to submit to arbitration. Contrary to NACCO's assertions, this decision need not result in a "perpetual state of disagreement" over changes in retiree benefits. In holding that arbitration is appropriate, we do not address the merits of NACCO's preclusion argument, but rather recognize that the preclusive effect of an arbitrator's decision is an issue for a subsequent arbitrator to decide. NACCO can argue the preclusive effect of arbitrator Levak's decision based on the CBA's finality clause before the second arbitrator.

### B. Sanctions

■ On cross-appeal, the Union contends that the district court erred in failing to award sanctions against NACCO under Fed.R.Civ.P. 11 and asks us to remand the case for an award of fees. We review the district court's decision regarding Rule 11 sanctions for abuse of discretion, *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), giving great deference to the district court's decision. *Kennedy v. National Juvenile Detention Ass'n,* 187 F.3d 690, 696 (7th Cir.1999), *petition for cert. filed* (U.S. Dec. 20, 1999) (No. 99–1053). The Union asserts the district court abused its discretion by employing an erroneous legal standard in determining whether sanctions were appropriate. The Union further argues that the district court's order denying Rule 11 sanctions should be reversed because it was "so conclusory that this court cannot review the substance of [the] decision."

■ The Union based its request for Rule 11 sanctions on allegations that NACCO continued to litigate despite being advised of two controlling decisions adverse to its position, citing *Roadmaster,* 916 F.2d at 1163. The district court denied sanctions, holding that NACCO's "arguments were not totally baseless and, in fact, had some logical and practical appeal." The district court concluded that NACCO's arguments were "colorable enough to avoid sanctions for frivolity." A court may impose Rule 11 sanctions for arguments "that are frivolous, legally unreasonable, without factual foundation, or asserted for

**969**

an improper purpose." *Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir.1998). A frivolous argument "is one that is 'baseless or made without a reasonable and competent inquiry.'" *Id.* (citing *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990) (en banc)). Despite the district court's failure to expressly address the *Roadmaster* case cited in the Union's request for sanctions, the district court's denial of sanctions was not based on an erroneous legal standard. Furthermore, the district court provided sufficient explanation to allow for meaningful appellate review. Given our deferential standard of review, we see no reason to disturb the district court's denial of the Union's request for Rule 11 sanctions.

▮ The Union has filed a motion in this court for sanctions pursuant to Fed. R. App. P. 38, seeking reasonable attorney's fees and costs in defending the present appeal. Rule 38 allows a court of appeals to award sanctions against an appellant if the court determines an appeal is "frivolous." Rule 38 is permissive; the court of appeals may "decline to impose sanctions even if the appeal is frivolous." *Mars Steel Corp. v. Continental Bank,* 880 F.2d 928, 938 (7th Cir.1989) (en banc). This exercise of discretion, however, is not left to the court's inclination but must be based on judgment guided by sound legal principles. *Id.* (citations omitted). "An appeal is 'frivolous' when the result is foreordained by the lack of substance to the appellant's arguments." *Id.* (citing cases).

The Union argues that sanctions are appropriate because NACCO based its appeal solely on arguments which this court rejected and sanctioned in *Roadmaster* without arguing that *Roadmaster* should be overturned and, further, because NACCO refused to recognize the controlling precedent of *W.R. Grace.* While NACCO failed to address *Roadmaster* or *W.R. Grace* in its initial brief on appeal, it does attempt to distinguish these cases in its reply brief. NACCO's argument was not completely lacking in substance, and we decline to award Rule 38 sanctions on appeal.

## III.  CONCLUSION

The decision of the district court is affirmed. The Union's motion for sanctions pursuant to Fed. R. App. P. 38 is denied.