**Lawson Alvin ROSE, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.**

No. 03–1017.

United States Court of Appeals, Seventh Circuit.

**952**

Submitted Feb. 3, 2004.*

Decided Feb. 3, 2004.

Lawson A. Rose, Westmont, IL, pro se.

Kathryn Ann Kelly, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### ORDER

Lawson Alvin Rose, a postal worker, sued the United States Postal Service under Title VII, alleging that the Service retaliated against him for filing a complaint with the EEOC and discriminated against him on the basis of his religion by refusing to give him a shift schedule without Fridays. Rose also claimed gender discrimination on the ground that he was assigned to perform heavier physical duties than women. The district court granted summary judgment for the defendant, and we affirm.

---

\* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

As a Seventh Day Adventist, Rose states that he cannot work on the Sabbath, from sunset on Friday to sunset on Saturday. He has thus always bid for a shift without Fridays or Saturdays in accordance with the collective bargaining agreement between the Service and his union that allows more senior employees to receive their preferred shift. From 1984 to 1996 Rose, a mail handler of average seniority, was normally able to receive a shift that allowed him Fridays and Saturdays off. However, when Rose was assigned to the newly built Chicago Central mail handling facility in 1996, his bid for a no-Friday shift was unsuccessful due to the large number of more senior mail handlers who had requested Fridays off. After Rose failed to receive his desired shift, he used his vacation time on Fridays. When that ran out, he took leave without pay. The Service then charged Rose with being Absent Without Leave; this charge was later reduced to a more informal "on-the-job discussion" between management and Rose regarding his work attendance.

Rose sued the Postal Service in December 1997. The district court granted partial summary judgment on Rose's gender discrimination claim because Rose failed to file a timely appeal with the EEOC. The court subsequently granted summary judgment to the Service on Rose's remaining claims, holding that Rose could not establish a prima facie case of retaliation because he had not shown that a similarly situated employee had been treated differently than him under the seniority bidding system, and that he could not prove a claim of religious discrimination because Title VII did not require the Service to violate its seniority system to accommodate his religious beliefs.

On appeal Rose first challenges the district court's decision on his claim of religious discrimination, arguing that he had made out a prima facie case and disproved the Service's claim that it would have suffered an undue hardship had another employee taken his Friday shifts. Rose also contests the court's decision that he had not made out a prima facie case of retaliation, arguing that he was the only employee of the Service to have filed a complaint of gender discrimination with the EEOC and then be refused a religious accommodation.

■■■ Rose's religious discrimination and retaliation claims both hinge on the Service's alleged refusal to accommodate his need for Fridays off, because Rose points to the refusal as the Service's discriminatory and retaliatory act. But he cannot prove that the refusal was discriminatory or retaliatory because he received his schedule through the neutral seniority bidding system established by a collective bargaining agreement. The Service's refusal to deviate from this system to "accommodate" Rose's beliefs does not establish a claim of religious discrimination, because Title VII does not require an employer to interfere with a valid seniority system in the interests of religious accommodation. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 403, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002); *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 79, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). Similarly Rose has not proven a claim of retaliation because the seniority system, not the Service, dictated his schedule, and Rose never argued that the Service applied the system in an arbitrary manner so as to treat him differently than other, similarly situated employees. *See Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 728 (7th Cir.2003).

Rose next argues that the district court erred in granting summary judgment on his gender discrimination claim because the Postal Service "stonewalled" his EEOC complaint to prevent him from timely filing an appeal. According to

Rose, the Service misrepresented to him for several months that his complaint was still pending when in fact it had been dismissed. However, Rose concedes that he received written notice that the Service had reached a final decision, and that he knew that he had thirty days to appeal the decision to the EEOC or ninety days to file suit, *see* 29 C.F.R. § 1614.402(a); 42 U.S.C. § 2000e–16(c), yet he delayed filing any appeal for more than three years. Although time limits for initial claims of employee discrimination by federal agencies are subject to equitable estoppel and tolling, *see White v. Bentsen,* 31 F.3d 474, 475 (7th Cir.1994), a plaintiff must exercise due diligence in pursuing his claim once any obstacles to suit have been removed, *see Shropshear v. Corporation Counsel of City of Chicago,* 275 F.3d 593, 598–99 (7th Cir.2001), and here Rose did not.

Finally, Rose broadly attacks the district court's and the Service's behavior in delaying and generally obstructing discovery in his case. However, Rose does not specify how the district court erred or how its rulings prejudiced his case. *See Local 744, Int'l Bhd. of Teamsters v. Hinckley & Schmitt, Inc.,* 76 F.3d 162, 165 (7th Cir. 1996). The district court allowed Rose access to those witnesses and documents that he believed were relevant to his case against the Service. When the district court refused to compel the Service to provide Rose access to additional witnesses, it did so because Rose had refused the court's order to explain the relevance of the witnesses or because the witnesses were no longer employed by the Service.

AFFIRMED.