CLD-242                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1132
_____

LYNNE THOMPSON,
                                        Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, c/o Deputy District
Director; PATRICIA VALAURI, District Director; PAROLE AGENT TAWNYA
PEEK; NATE SIMON, Parole Agent-Supervisor; LAURA STEDILA, Allegheny
County- Adult Probation; CHUCK ACKERMAN, Allegheny County Probation/Parole
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 18-cv-00998)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2019

Before: CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 23, 2019)

_____

OPINION[*]

_____

PER CURIAM

Lynne Thompson appeals the District Court's order dismissing her complaint. For the reasons below, we will summarily affirm the District Court's order.

Thompson has multiple convictions for theft. Several of these convictions have been the grounds for revocations of parole and probation. In her complaint, Thompson asserted that she was wrongfully arrested on March 8, 2017 and detained pursuant to a detainer by the Pennsylvania Board of Probation and Parole. She believed that her criminal sentences should have "maxed out" and she should have been released on August 25, 2017. She also complained of a detainer placed on her on May 17, 2018. Thompson requested damages for the alleged wrongful incarceration.

A Magistrate Judge recommended that the complaint be dismissed for failure to state a claim because Thompson's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). The District Court adopted the Report and Recommendation and dismissed the complaint. Thompson filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the dismissal of the complaint for failure to state a claim is plenary. See Tourscher v. McCullough, 184

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

F.3d 236, 240 (3d Cir. 1999). In <u>Heck</u>, the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if it calls into question the lawfulness of her conviction or confinement, unless she can demonstrate that the conviction or sentence has already been invalidated. 512 U.S.at 486–87. We have extended the rule in <u>Heck</u> to parole revocations. <u>See</u> <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006).

Here, Thompson complains of detention beginning on March 8, 2017. According to paperwork Thompson submitted to the District Court, she received a notice of a revocation hearing based on two new criminal convictions. The notice indicated that Thompson was arrested on March 8, 2017 and July 14, 2017, on charges of theft by deception and was later convicted of these charges on April 30, 2018, in the Court of Common Pleas of Allegheny County.[1] Thompson has not alleged that the convictions or revocations underlying the detention she challenges have been invalidated. As a result, her claims are barred by <u>Heck</u>, and the District Court did not err in dismissing her complaint for failure to state a claim.

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> 3d Cir. LAR 27.4. For the reasons set forth above, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. I.O.P. 10.6.

---

[1] According to the electronic docket available online, Thompson pleaded guilty. She was sentenced to five years of probation.

3