In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1890

VIRGINIA D. HUFF,

Plaintiff-Appellant,

and

DEENA H. WHEELER,

Appellant,

v.

DOBBINS, FRAKER, TENNANT, JOY
& PERLSTEIN, a professional corporation,
and CHERYL A. HANDY,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of Illinois.
Case No. 96-CV-1014--Michael M. Mihm, Judge.

Argued November 2, 2000--Decided March 23, 2001

Before HARLINGTON WOOD, JR., RIPPLE, and ROVNER, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge. The court has seen this case previously but unfortunately it is back. The litigation between these parties began in May 1994 in state court in Illinois when Carle Clinic Association ("Clinic"), a professional corporation of Champaign County, Illinois, filed suit against Virginia D. Huff, a widow, for payment for medical services alleged to be owing by her to the Clinic in the approximate amount of $37,000, plus attorney's fees and costs. The Clinic was represented by the law firm of Dobbins, Fraker, Tennant, Joy & Perlstein, P.C. of Champaign, Illinois ("the Dobbins firm"). Huff was initially contacted by the Dobbins firm by a letter dated March 24, 1994, in which the firm demanded payment within twenty-one days of the entire amount claimed to be outstanding. Upon receipt of this letter, Huff contacted her daughter, Attorney Deena Wheeler,/1 to represent her. At that time, Wheeler was serving as in-house counsel for State Farm Insurance Company of

Bloomington, Illinois. The Dobbins firm filed suit, and in December 1995, the Illinois Circuit Court entered judgment against Huff for the underlying debt and about $11,000 in prejudgment interest, but did not allow attorney's fees. The judgment of the Illinois Circuit Court was affirmed by the Illinois Appellate Court in 1997.

While the state case was proceeding, Huff, in May 1995, filed this suit in the United States District Court for the Central District of Illinois against the Dobbins firm and Attorney Cheryl A. Handy, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et seq. ("FDCPA"). The complaint alleged that the demand letter from the firm which was signed by Attorney Handy "falsely represented the amount of the alleged debt." Huff further alleged that, in the state court action, the firm "falsely" claimed a right to attorney's fees./2 Huff filed her first amended complaint in November 1995, alleging that the Dobbins firm and Attorney Handy violated the validation requirements of 15 U.S.C. sec. 1692g by failing to give proper written notice of the debt. The first amended complaint also alleged violations of 15 U.S.C. sec. 1692e, sec. 1692f, and other unspecified subsections of sec. 1692. Huff followed with a second amended complaint in March 1996 which repeated the counts found in the first amended complaint and added another claim based on an alleged violation of the FDCPA resulting from the Dobbins firm and Attorney Handy contacting Huff directly instead of through her attorney. On cross-motions for summary judgment, the district court ruled in September 1996 in favor of the defendants on all of the issues, except whether the demand letter had complied with the validation requirement of the FDCPA set out in sec. 1692g. That demand letter, the court held, failed to satisfy the provisions of sec. 1692g(a), which requires that a debtor be advised that he can dispute the debt and that, if the debt is disputed, the debt collector will verify the debt and provide the debtor with a copy of this verification. The district court found that the Dobbins firm had failed to supply that information and had also defaulted on another requirement set out in sec. 1692g(a)(5).

In October 1996, Wheeler filed a vague motion for a partial rehearing which the district court denied in June 1997./3 Wheeler next sought leave to file a third amended complaint alleging yet another violation of the FDCPA, this time under sec. 1692g(b). The district court denied this request as "too late." Defendants sought sanctions, which were denied. During this phase of the proceedings, Wheeler, attempting to establish class liability under sec. 1692k of the

FDCPA, moved for additional discovery seeking, among other things, information on every person or entity from which the Dobbins firm had attempted to collect debts within a certain period. In March 1998, the district court denied Wheeler's discovery motion and at the same time limited actual damages for the firm's violation of the FDCPA to the period between the receipt of the law firm's demand letter and the time Huff was represented by counsel. Another motion by Huff to amend the pleadings was denied, as was the Dobbins firm's renewed motion for sanctions. After all this in-court activity, only some of which is recounted above, the district court issued a firm warning to Wheeler that further efforts to relitigate and pursue matters previously decided would lead to sanctions.

In a few days, however, Wheeler filed a second motion for summary judgment which was stricken as redundant in April 1998. When Wheeler filed a cross-motion to reconsider that latest order, the district court viewed it as an attempt to relitigate settled issues contrary to the court's earlier warning, and, therefore, allowed defendants' motion for sanctions. On June 30, 1998, sanctions were allowed in the amount of $1,963.20 in attorney's fees for having to respond to Wheeler's irresponsible litigation conduct. The court, on defendants' motion to reconsider, reversed its prior summary judgment in favor of Huff on the sec. 1692g(a) notice issue and dismissed the last of Huff's claims for damages. The district court closed the proceedings by holding that, since all of Huff's claims had failed, she could not be considered "successful" under the FDCPA so as to be entitled to attorney's fees. The first appeal to this court was then initiated by Huff.

This court in considering Huff's initial appeal in an unpublished order dated June 1999 began with this succinct paragraph:

The issue in this case is whether a debt collector who has sent the debtor a deficient notice under the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et seq, (FDCPA), can avoid liability if the debtor is subsequently (and very quickly) represented by an attorney. We hold that the debt collector cannot escape liability, but we also hold that the debtor's attorney can be sanctioned for dropping a veritable blizzard of paper on the courthouse in violation of a judge's order.

This court affirmed the district court on a variety of issues, reversing and remanding only on the district court's last minute change of mind which had granted summary judgment in favor

of the defendants on the sec. 1962g(a) notice issue despite the fact that the firm's demand letter did not meet the requirements set forth in the statute.

Back in the district court, on July 8, 1999, Huff filed a jury demand. On August 12, 1999, with leave of the court, the defendants filed an answer to Huff's second amended complaint. Following that answer, Huff filed a motion for default judgment as to Counts II and III of the second amended complaint. On August 31, 1999, the district court struck Huff's jury demand as untimely. On September 20, 1999, the district court denied Huff's motion for default judgment and granted a motion by the defendants for sanctions, awarding them their attorney's fees incurred in defending against the motion for default judgment. The court on remand then reconsidered Huff's damages for the sec. 1962g(a) violation. No doubt it came as a relief to the district judge that the parties stipulated that the issue could be resolved on the pleadings as they stood without further oral argument./4 The district court on March 20, 2000 held Huff was entitled to compensatory damages, but because, in her first appeal to this court, Huff failed to challenge a district court order limiting her damages, Huff's damages were limited to only those damages sustained between her receipt of the Clinic's faulty demand letter and the retention of her daughter as her counsel. Huff sought $100 in compensatory damages, which the court awarded without objection. Furthermore, where a violation of the FDCPA is established, the plaintiff may be entitled to additional statutory damages not to exceed $1,000 under 15 U.S.C. sec. 1692k(a)(2). To determine the amount of statutory damages, the court may consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. sec. 1692k(b)(1). The district court, after considering these factors, awarded Huff additional damages in the amount of $1,000. The court also awarded Huff costs in the amount of $120 to cover her filing fee, without objection by defendants. The court then turned to Huff's request for attorney's fees and expenses totaling $121,080, including $4,086.10 in expenses. The district court found Wheeler's justification for the fees and expenses in those amounts to be deficient, but allowed her $13,788 in attorney's fees as reasonable, after considering Wheeler's limited degree of success, and after excluding from the fee request excessive time charges for relatively simple claims. Wheeler's claim for expenses was reduced to $1,461.13. Stricken were items that the court deemed unrecoverable, for instance, Wheeler's

claimed expenses in attending several educational seminars on debt collection and an amount for the sanctions which had been imposed against her.

The district court, however, made one harmless error in its order; an error it could not reasonably have anticipated. In the last short line of its order, the court wrote, "This matter is now terminated," but it was not. In this second appeal, Wheeler raises several issues, the first of which is that the district court erred when it denied Wheeler a jury trial on the issue of damages sought after the first appeal to this court. Rule 38 of the Federal Rules of Civil Procedure provides that any party may demand a trial by jury for a jury issue by serving upon the other party a jury demand at any time after the commencement of the action, but not later than ten days after service of the last pleading directed to such issue, otherwise a jury is waived. Fed. R. Civ. P. 38(b), (d).

Wheeler, as noted, had filed her second amended complaint in March 1996. The defendant filed a motion for summary judgment, and Wheeler filed a cross-motion for summary judgment in April 1996. Wheeler then filed a jury demand in July 1997. The defendants filed a motion to strike Wheeler's jury demand as untimely as well as an answer to the second amended complaint. Wheeler's original complaint and her first amended complaint had not sought a jury trial. Wheeler claimed her jury demand was served prior to defendants' answer to the second amended complaint and was therefore timely. The district court held otherwise in an order dated August 31, 1999, stating that Wheeler had waived her right to a jury. The district court relied on Fed. R. Civ. P. 38 as well as our opinion in Communications Maintenance, Inc. v. Motorola, Inc., 761 F.2d 1202 (7th Cir. 1985), in which we held that supplemental pleadings do not extend the jury demand time, except as to any new issues which are raised for the first time by the supplemental pleadings. The district court noted that the issue to be tried had been before the court "for a long, long time. Indeed, it was the basis for plaintiff's partially successful appeal." In this case, no new factual issues were raised in the second amended complaint. See id. at 1208 ("[W]e must decide at what point . . . the pleadings finally framed the various issues to be put before the trier-of-fact; that is, when did the pleadings cease raising new factual issues and begin simply alleging new legal theories or particularized facts."). Because defendants had filed an answer to Huff's initial complaint on May 22, 1995, Wheeler's jury demand was served late, and her right to a jury trial was, therefore, waived.

Wheeler has little to complain about because, as she conceded at oral argument, Huff claimed actual damages, excluding liability for attorney's fees for defending the underlying state action, of $100, and the district court awarded Huff that amount./5 Her statutory damages were limited to $1,000, and the district court also awarded her that full amount. The only damages issue remaining to be determined was Wheeler's reasonable attorney's fees in the FDCPA case, but attorney's fees are a matter for the court, not the jury. We find no error.

The next appeal issue is the denial by the district court of Wheeler's motion for default judgment on Counts II and III of the second amended complaint and the sanctions imposed on her for filing it. There was, however, nothing left in the complaint for which Wheeler might be entitled to default judgment. The district court granted summary judgment in favor of defendants on Counts II and III before the first appeal. This court affirmed the district court, except on Count I, which was reversed and remanded for further proceedings. Wheeler is not now entitled to a default judgment on the dismissed counts, the dismissal of which was previously affirmed by this court. The firm, understandably, never filed an answer to the counts already history. Wheeler's arguments to the contrary are totally without merit.

We also find no fault with the district court's decision to award sanctions against Wheeler in connection with her motion for default judgment. On September 20, 1999, the district court entered an order granting the "Defendants their reasonable costs and fees in connection with resisting the frivolous motion for default judgment." The September 20 order gave the Dobbins firm seven days to submit an affidavit itemizing the fees and costs sought. Wheeler would then have seven days following the submission of that affidavit to file a response. On September 24, 1999, the firm filed an affidavit seeking $720 in attorney's fees. Wheeler failed to file a response. The district court, however, never entered an order specifying an amount for the sanctions granted on September 20. The final judgment, entered March 20, 2000, included a judgment against Wheeler in the amount of $1,963.20 for the sanctions ordered on June 30, 1998, but did not include any reference to the September 20, 1999 sanctions. In a March 23, 2000 letter to Wheeler, the firm acknowledged that the district court failed to enter a judgment in any amount for the September 20 sanctions. The firm then proposed that it receive a credit of $2,683.20 when it tendered judgment, an amount which reflects both the $1,963.20 and

$720 amounts. The firm tendered judgment accordingly. Because the March 20 judgment does not reflect the September 20 sanctions, we vacate the judgment. We will leave it up to the district court to straighten out this matter and issue an amended judgment.

Wheeler also alleges the district court abused its discretion by awarding sanctions against her despite some procedural irregularities to which she did not object below. It is clear in the record that there was no abuse of discretion in awarding sanctions under Fed. R. Civ. P. 11 as they were fully deserved. See Indep. Lift Truck Builders Union v. NACCO Materials Handling Group, Inc., 202 F.3d 965, 968 (7th Cir. 2000) ("We review the district court's decision regarding Rule 11 sanctions for abuse of discretion, giving great deference to the district court's decision." (citations omitted)).

Wheeler also complains that the district court did not allow a hearing on her damage claims. The district court asked for a list of her witnesses so that the law firm might depose them, but no list was ever forthcoming. The district court stated in its March 20, 2000 order that the parties stipulated that the matter could be resolved on the pleadings, without the need for an evidentiary hearing. Huff challenges this stipulation for the first time on appeal. In any event, as previously noted, Huff has conceded her actual damages were only $100, which the district court allowed in full. Huff also recovered full statutory damages. No hearing was necessary.

Wheeler further complains that the district court did not allow her sufficient discovery. Wheeler, among other things, sought discovery of the tax returns of all the defendants and shareholders in the firm and "all documents" related to the firm's relationship to its client, the Clinic. Wheeler also sought evidence relating to the Dobbins firm's attempts to collect debts from other consumers. Wheeler argues that this evidence would have supported an award of substantial actual damages. However, as we have mentioned, Wheeler concedes her actual damages were only $100, and that is the amount awarded by the district court. Wheeler fails to establish that the district court's decision resulted in any actual prejudice, and therefore, her claim of error fails. See Stagman v. Ryan, 176 F.3d 986, 994 (7th Cir.), cert. denied, 528 U.S. 986 (1999) (holding that in order to succeed on a claim that the district court erroneously limited discovery the appellant must show that the "decision resulted in actual and substantial prejudice").

Wheeler's final argument is that the district

court erred in refusing to award the entire amount of attorney's fees and expenses sought in connection with the FDCPA case. As previously noted, Wheeler sought fees and expenses totaling $121,080, including $4,086.10 in expenses. The district court awarded Wheeler $13,788 in attorney's fees as reasonable and reduced Wheeler's claim for expenses to $1,461.13. As we recognized in Zagorski v. Midwest Billing Servs., 128 F.3d 1164 (7th Cir. 1997), trial courts enjoy "'a decided advantage over appellate courts in calculating fee awards'" and, therefore, retain a great deal of discretion in determining the appropriate award. Id. at 1167 (quoting Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995)). In the present case, the district court conducted a thorough evaluation of Wheeler's fee request, and the resulting decision to reduce the fees and expenses was well within the court's discretion.

Wheeler suggests that these proceedings have been multiplied, not by her, but only by the various motions filed by the firm seeking sanctions from time to time. The district court answered that argument by labeling it as "incredible" as it was Wheeler who had "filed voluminous and cumulative pleadings, and . . . has continued to rehash ad nauseam settled issues." No further response is required from this court.

This second appeal could be expected to do no more than to generate more fees and expenses. Sanctions under Fed. R. App. P. 38 may well be justified. While the firm was initially admittedly at fault and that is what prompted this litigation, the litigation has been unnecessarily prolonged by Wheeler. We trust that the record in this case does not reflect the true legal ability of Wheeler who holds a responsible legal position. We attribute the problems in this litigation to Wheeler being outside her area of expertise and her overly zealous efforts in behalf of her mother and herself. We will, however, give appellees the opportunity to seek sanctions in this court within ten days of the date of this opinion to cover their fees and expenses in this appeal, but bearing in mind the sanctions already imposed on Huff and Wheeler and the firm's initial wrongdoing. Appellants may then have an additional ten days to respond to appellees' additional claims. This court will then determine if more sanctions are justified in the unusual circumstances of this case, and if so, in what amount. The matter of costs under Fed. R. App. P. 39 will also be resolved at that time.

This court, however, adds its own warning that

we can see no reason for appellants to continue their "blizzard" of paper. This case should have ended previously, but does end now and here, except only for the one remaining possible sanction issue.

The district court is AFFIRMED in all respects, duly noting its commendable patience and restraint. The March 20, 2000 judgment, however, is VACATED, and the matter is REMANDED to the district court to enter an amended judgment reflecting the proper amount of attorney's fees payable by Wheeler. This court retains jurisdiction until the remanded matter of fees is resolved.

/1 In the early stages of this litigation, Huff's lawyer and daughter was referred to as Deena Froehle, but in the present stage of this litigation she is referred to as Deena H. Wheeler as appears in the caption of this case. To avoid confusion, we will refer to her as Wheeler throughout.

/2 It appears that Huff when she initially signed an agreement to pay the Clinic for its medical services had unilaterally crossed out a printed contract provision authorizing the Clinic to also collect, if necessary, its attorney's fees incurred in collecting the debt.

/3 Since the issue in this appeal is largely one of Wheeler's litigation tactics on behalf of her mother and herself we sometimes refer only to Wheeler.

/4 Wheeler disputes that stipulation for the first time on appeal.

/5 As we noted in our June 2, 1999 unpublished order, Huff, in her first appeal to this court, failed to challenge the district court order limiting her damages to the time period beginning with her receipt of the demand letter up to the point at which she retained counsel. It is too late to raise that issue in this appeal. Wheeler cannot now claim as actual damages the full amount she allegedly charged her mother for defending the underlying state action, $127,000, which we note is much more than Huff's original bill from the Clinic.