**ADT SECURITY SERVICES, INC., et al., Plaintiffs,**

v.

**LISLE–WOODRIDGE FIRE PROTECTION DISTRICT, et al., Defendants.**

No. 10 C 4382.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 22, 2012.

A. Christopher Young, Pepper Hamilton LLP, Philadelphia, PA, Bruce Lee Goldsmith, Dykema Gossett Rooks Pitts PLLC, Lisle, IL, John A. Leja, Polsinelli Shughart PC, Chicago, IL, for Plaintiffs.

Martin K. LaPointe, Burke, Warren, MacKay & Serritella, P.C., Christopher W. Carmichael, Holland & Knight LLP, Chicago, IL, Stephen H. DiNolfo, Ottosen Britz Kelly Cooper Gilbert & DiNolfo, Ltd., Naperville, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

MILTON I. SHADUR, Senior District Judge.

Well beyond a year after the deadline set by Fed.R.Civ.P. ("Rule") 38(b)(1) for their demand for a jury trial, defendants have tendered such a demand in this action that, during its life of something more than 1–1/2 years, has been far more active than most cases of a comparable vintage. As Rule 38 specifies, the "inviolate" preservation of the Seventh Amendment's right of trial by jury (Rule 38(a)) is not truly inviolate, for it is coupled with the express provision that a party has waived that right "unless its demand is properly served and filed" (Rule 38(d)).

This waiver issue should first be placed in proper perspective. Defendants' Motion at 2 begins their *Argument* section in this fashion:

> Federal Rule 38 provides that any party may demand a jury trial within 14 days after the last pleading directed to the issue has been served. FED.R.CIV.P.

38(b)(1). When a request is made beyond this time period, the request is governed by Rule 39.

But both (1) the use of *"may* demand," rather than *must* demand within the specified 14–day period to avoid waiver, and (2) the asserted dominance of Rule 39 over Rule 38 are misleading in nature.[1] Instead the operative principles are as stated in 8 *Moore's Federal Practice* (hereafter simply *"Moore's"*) § 39.02 (3d ed. 2011)(emphasis added, footnotes omitted)[2]:

### § 39.02 Rule 38, Not Rule 39, Controls Right to Jury Trial

**■ Right to Jury Trials "Preserved" by Rule 38**

Rule 38 states that the right to a jury trial is preserved "inviolate." Exactly what jury trial rights exist so as to be preserved under Rule 38 is analyzed, in exhaustive detail, in Ch. 38, **Right to a Jury Trial; Demand.**

**■ Procedures for "Demanding" Jury Trial Are Governed by Rule 38**

A demand for a jury trial *must* be in writing, and *must* be served on the other parties within 14 days after service of the last pleading raising an issue triable by jury. The demand must also be filed with the clerk of the court.

Here there is no need to look into the mooted question, which has divided the federal courts somewhat, of who bears the burden of showing waiver: It is undisputed that neither defendant, although each of them is represented by a well-established law firm knowledgeable in the federal practice, included a jury demand in its lengthy Answer (each Answer occupied about 40 pages), nor did either defendant take advantage of the post-filing 14–day window to do so. And Rule 38(d) unambiguously dictates that those failures constitute an express waiver.

More than that, defendants' current joint submission is deafening in its silence as to any asserted justification for their effort to make a total U-turn after more than 15 months of active litigation—a total silence that speaks louder than any weak attempt to explain some legitimate reason for rescinding defendants' Rule 38(d) waivers of jury trial.[3] Instead defendants attempt to draw solace from language employed by our Court of Appeals in an opinion issued nearly three decades ago in *Merritt v. Faulkner,* 697 F.2d 761, 766–67 (7th Cir.1983).

But the *Merritt* opinion was issued in the context of an unrepresented indigent

---

1. As to the first issue, the use of "may" in Rule 38(b) is just the obvious way to speak of how a jury demand is made-not an expression denoting the permissive nature of such a demand.

2. What follows in the text is an authoritative reading of the interaction between Rules 38 and 39. Both of those chapters in *Moore's* were authored, when that treatise was completely overhauled in the late 1990s to supplant *Wright & Miller* as the most useful treatise on federal practice, by this Court's then colleague (and close friend) Honorable Prentice Marshall-a great judge whose untimely death deprived not just this District Court but the entire federal judiciary of an extraordinarily scholarly jurist. Needless to say, this Court was highly flattered when the same *Moore's* editorial board invited it, as part of the same overhaul, to author the chapter on Rule 12 and to vet the authorship by others of several of the other Rules surrounding Rule 12.

3. In that respect, it is also worth noting that *each* defendant had the separate right to call Rule 38 (and the Seventh Amendment) into play by making a jury demand on which both defendants could then rely. So what we have here is not just one but two sets of highly experienced lawyers who opted *not* to demand a jury trial at the outset and who then further opted *not* to do so for more than a year thereafter.

prisoner's effort to advance a 42 U.S.C. § 1983 claim of deliberate indifference of prison officials to his serious medical problems—a case in which the District Judge had denied the prisoner's motions for appointment of counsel as well as for a jury trial, with the latter request by the blind prisoner having come just nine days (!) after the then ten-day limitation under Rule 38(b). Little wonder, then, that the late Judge Luther Swygert, writing for the panel, waxed indignant in holding that the lower court's denial of the jury trial request was an abuse of discretion.

By contrast, just two years after *Merritt* the Court of Appeals upheld a trial court's denial of a belated jury demand in the context of commercial litigation in *Commc'ns Maint., Inc. v. Motorola, Inc.,* 761 F.2d 1202, 1207–08 (7th Cir.1985). Although the timing of the jury demand in that case in relation to the general posture of the case was far different from that involved here, what is more significant is that the decision was cited in support of a Seventh Circuit decision a decade ago (in the most recent such decision located by this Court) in upholding a District Court's determination of waiver in another commercial litigation situation in *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein,* 243 F.3d 1086 (7th Cir.2001). Although defendants' delay here has not been as protracted as that dealt with in *Huff,* the Rule 38(d) waiver ruling in that case (*id.* at 1090) applies here with equal force.

Lacking any semblance of a good reason (indeed, any reason at all) for their belated demand, defendants seek to deflect attention from that lack of justification to considerations that stress the asserted absence of prejudice to plaintiffs from the granting of defendants' motion. But that shift of emphasis misses the point that the first question to ask is whether a movant has made a showing that the request for a change from the movant's original informed choice has merit on its own-if the answer to that question is "no" the request should simply be denied, while if the answer is "yes" (as was the case, for example, in *Merritt*) any types of considerations that bear on the prejudice or lack of prejudice to the nonmovant should be explored.

In this instance no such deflection of the issue as that urged by defendants can alter the basic fact that knowledgeable and experienced counsel for each defendant made a judgment at the outset of this litigation that the resolution of the case, with its complex issues, was best left to this Court and not a jury. What has taken place since then to support defendants' attempt at second guessing that judgment? In candor, what defense counsel now attempt smacks strongly of a variation on the most conventional type of forum shopping—this time because defendants or their counsel may feel that they have not fared well under this Court's legal rulings up to this point in the litigation. But this Court will not cater to that attempt—it has of course called its shots as it sees them, without the exercise of favor toward one side or another, and it (again of course) plans to do exactly the same from here on out.

*Conclusion*

When the underbrush by which defendants try to obscure their motion and its purpose is cleared away, all that remains is a naked attempt to obtain judicial support for a change in a basic policy decision made by each defendant at the outset of this lawsuit. That attempt evokes no solicitude for defendants or for whatever motivations may have prompted their change of heart. Their Rule 38(d) waiver will remain unaltered.