**William HUTCHERSON, Jr.,
Plaintiff–Appellant,**

v.

**Ronald SMITH, Defendant–Appellee.**

No. 89–1317.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 13, 1990.

Decided July 30, 1990.

As Amended Aug. 15, 1990.

Jon R. Pactor, Indianapolis, Ind., for plaintiff-appellant.

Barbara G. Hines, Muncie, Ind., for defendant-appellee.

Before WOOD, Jr., and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

COFFEY, Circuit Judge.

William Hutcherson, Jr. appeals the district court's dismissal of his complaint pursuant to Fed.R.Civ.P. 12(b)(6). Hutcherson brought this action against Ronald Smith alleging that Smith was liable under both 42 U.S.C. § 1983 and Indiana law for committing legal malpractice during his representation of Hutcherson in a previous state court proceeding. We affirm.

## I.

In 1980, Hutcherson was a recruit with the Muncie, Indiana, Fire Department. During one of his training sessions, he suffered a seizure, became uncontrollable, and assaulted his instructor, Glen Scroggins. After the assault, Scroggins filed a civil suit against Hutcherson and four members of the Muncie Police and Fire Merit Commission.[1] The City of Muncie hired an attorney, a Mr. DeWeese, to represent the members of the Police and Fire Merit Commission, as well as Hutcherson, in the Scroggins case. Fifteen months after the filing of the action, defendant Ronald Smith was substituted as counsel for the defendants in the state court action. A one-day trial was held on November 20, 1985. At the close of all the evidence, the trial court awarded Scroggins $50,000.00

against Hutcherson, but nothing against the other four defendants. However, in the judgment order, entered February 26, 1986, the trial court reduced the damage award against Hutcherson to $20,000.00. One week after entry of judgment, Smith withdrew from representation of Hutcherson due to the City of Muncie's refusal to provide further legal representation to Hutcherson. Hutcherson did not appeal the state court's judgment.

On February 25, 1988, Hutcherson filed this action against Smith alleging that Smith's joint representation of members of the Merit Commission and Hutcherson created a conflict of interest, and that this conflict prevented Smith from raising several relevant legal arguments and defenses on Hutcherson's behalf, thus depriving him of a fair trial and due process of law. Hutcherson claimed relief was appropriate under 42 U.S.C. § 1983 because Smith, having been hired by the City of Muncie, was acting under "color of state law." Hutcherson also filed a pendent legal malpractice claim based on Indiana law.

On January 10, 1989 the district court dismissed Hutcherson's action against Smith. The court dismissed Hutcherson's section 1983 claim with prejudice, finding that Smith's alleged malpractice failed to state a violation of a federal constitutional right, although he might possibly have stated a claim under Indiana law. Having dismissed Hutcherson's federal claim, the court declined to exercise jurisdiction over his pendent state law attorney malpractice claim and dismissed it without prejudice. On appeal, Hutcherson argues that the district court improperly dismissed his section 1983 claim because Smith's joint representation deprived him of his right to a fair

---

1. The record on appeal does not include the record from Scroggins' state court action. The facts regarding the state court action are drawn from Hutcherson's complaint in the district court, the allegations of which we assume to be true, along with reasonable inferences which may be drawn therefrom.

Hutcherson's complaint states that he assaulted Scroggins during his "seizure." The exact nature of this seizure is not apparent from the

record. Nonetheless, because the trial court awarded monetary damages to Scroggins, we are of the opinion that the court found that Hutcherson was not under the influence of his medical condition, but was capable of forming the intent to assault Scroggins.

The district attorney did not pursue criminal charges against Hutcherson because of the possibility of a medical excuse for Hutcherson's actions, as a result of the "seizure."

trial and, further, that his pendent state law claim should be reinstated.

## II.

Hutcherson's section 1983 claim is based upon his assertion that his due process rights were violated by Smith, a state actor,[2] failing to provide him with adequate representation in the state court civil trial. It has been held in criminal cases that a defense attorney's representation of multiple defendants with conflicting interests, under some circumstances, may constitute a violation of a criminal defendant's sixth amendment right to effective assistance of counsel. *See e.g. Wood v. Georgia,* 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); *United States v. Gaines,* 529 F.2d 1038 (7th Cir.1976). However, it is a well-established principle of law that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases. *Lewis v. Lane,* 816 F.2d 1165, 1169 n. 5 (7th Cir.1987); *Wolfolk v. Rivera,* 729 F.2d 1114, 1120 (7th Cir.1984).

Hutcherson attempts to sidestep our holdings in *Lewis* and *Wolfolk* by arguing the constitutional right involved in this case is his due process right to a fair trial. Specifically, he claims that the conflict of interest inherent in Smith's multiple representation of Hutcherson and the members of the Merit Commission deprived him of a fair trial.

In support of his claim, Hutcherson relies almost exclusively on *Dunton v. County of Suffolk,* 729 F.2d 903, *amended,* 748 F.2d 69 (2d Cir.1984). In *Dunton,* an attorney represented multiple clients in a section 1983 action in the district court. The multiple defendants, a county and county employees, had interests in the course of the litigation which were in conflict. Defenses applicable to the county, pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), would have placed liability directly upon the individual defendants, and the individuals' defenses would have rendered the county liable. On appeal, the Second Circuit remanded the case for a new trial, relying on the conflict of interest between the multiple clients of the attorney. Hutcherson claims that the *Dunton* case establishes that an attorney's conflict of interest rises to the level of a constitutional violation. However, a proper reading of the *Dunton* case reveals that the remand was based not upon the Federal Constitution, but rather upon the attorney's rules of professional ethics, which, notably, are adopted as rules of state law in the state's regulation of the legal profession.

In *Coleman v. Smith,* 814 F.2d 1142 (7th Cir.1987), this court distinguished the *Dunton* holding. We stated that "that holding must be read in context with the factual situation." *Coleman,* 814 F.2d at 1148. Both the *Coleman* and the *Dunton* cases involved an attorney's representation of multiple clients, a municipal corporation as well as individuals, in an action brought under 42 U.S.C. § 1983. In the present case, Hutcherson is bringing a section 1983 claim based upon Smith's multiple representation in a state law civil suit for inten-

---

**2.** In his complaint, Hutcherson alleges that Smith was the "city attorney" for Muncie. However, the record is unclear as to whether Smith was a full-time employee of the City of Muncie, a part-time employee who also engaged in the private practice of law or a private sector lawyer whom the city retained specifically for this action. Nonetheless, given our obligation in reviewing the dismissal of Hutcherson's complaint to accept the factual allegations in the complaint as true and resolve all ambiguities in his favor, *Toth v. U.S.X. Corp.,* 883 F.2d 1297, 1298 (7th Cir.1990), we assume *arguendo* that Smith, as "city attorney," was a full-time employee of the City of Muncie. Thus, because Smith was functioning in this capacity when he represented Hutcherson and the other city employees, we further assume that he was acting "under color of state law." We wish to make clear, however, that we do not hold that *any* attorney working for or retained by a municipality automatically satisfies the "under color of state law" requirement of 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Our assumption is limited to the particular facts of this case. It is clear that the district court made a similar assumption, which, notably, Smith has not challenged on appeal. Accordingly, we need not address Hutcherson's argument that Smith was a state actor because he was in conspiracy with the City of Muncie to deprive Hutcherson of his constitutional rights.

tional tort. Neither of those cases held that the multiple representation violated any constitutional rights of the parties, and we refuse to do so in the present case. We know of no precedent in the law, nor has any been presented to us, holding that a party's federal due process rights in civil litigation are violated when his attorney, even if assumed to be a state actor, represents multiple parties with conflicting interests.

We are convinced that, even if Smith committed legal malpractice under Indiana law in representing both Hutcherson and the members of the Police and Fire Merit Commission at the Scroggins trial, Hutcherson's claim fails to rise to the level of creating a violation of his due process rights. The Supreme Court has repeatedly stated that the due process clause of the fourteenth amendment "does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago County*, 489 U.S. 189, 109 S.Ct. 998, 1007, 103 L.Ed.2d 249 (1989) (collecting cases). "A State may, through its courts and legislatures, impose such affirmative duties of care and protection upon its agents as it wishes. But not 'all common-law duties owed by government actors were ... constitutionalized by the Fourteenth Amendment.'" *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 335, 106 S.Ct. 662, 678, 88 L.Ed.2d 662 (1986)). Hutcherson has made no argument whatsoever to convince us that his claim is anything more than a common law tort. As the district court aptly stated, "Hutcherson's claim here is but a state law tort claim of attorney malpractice masquerading as a constitutional tort." We therefore hold that the court's dismissal of Hutcherson's section 1983 claim for failure to state a claim upon which relief can be granted was proper.[3] Because the dismissal of Hutcherson's section 1983 claim was proper, we also hold that the district court was within its discretion in dismissing the pen-

dent state law claim. The decision of the district court is

AFFIRMED.

---

**3.** In view of our holding that the district court's dismissal for failure to state a claim was proper, we need not address Smith's argument that the dismissal was proper because Hutcherson's suit is barred by the applicable statute of limitations. *See* Ind.Code § 34–1–2–2.