NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2007[*]
Decided June 25, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3130

| | |
|---|---|
| TRAVIS J. HEFLEY, | Appeal from the United States |
|     *Plaintiff-Apellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
|     *v.* | |
| | No. 04 C 8032 |
| VILLAGE OF CALUMET PARK and | |
| MARK DAVIS, | Blanche M. Manning, |
|     *Defendants-Appellees.* | *Judge*. |

## O R D E R

After he was fired from his job as a part-time police officer for the Village of Calumet Park, Travis Hefley sued the Village and Mark Davis, the chief of police, claiming that he was the victim of "reverse" racial discrimination. The district court dismissed the claim against Davis and granted summary judgment for the Village. Hefley appeals, but his arguments are frivolous. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

On January 13, 2004, Susan Rockett, the assistant chief of police, sent a memorandum to all police officers advising them that mandatory annual firearms testing would begin on January 21 and that all officers must pass by March 17. By March 5, Hefley had not qualified, nor had he attended any of the sessions held by Sergeant Gregory Jones, the department's firearms instructor, at which Jones trained officers in the use of their weapons and administered the test. Hefley received a written reminder from Rockett stating that part-time officers who did not qualify by the deadline would be removed from the schedule. Still, Hefley missed the next training session. On March 17, Hefley attended the final session along with Curtis Smith, another part-time officer who had not qualified. Neither Hefley, who is white, nor Smith, who is black, achieved a passing score of 76.

Jones advised Rockett that neither officer had qualified and asked her to give them one more opportunity. Rockett agreed and notified Hefley and Smith that they could test for the final time on March 24. She reminded them that they could not perform patrol duties if they failed. On that date, Hefley and Smith once again failed to qualify. Hefley's top score was 60 and Smith's was 74. Both men were fired later that day.

The following week, Hefley attempted to contact Chief Davis to request another chance to qualify. He was directed to Rockett, who informed him that he would be given no further opportunities. In May, Smith reapplied for employment as a part-time police officer. The following month, he passed the firearms qualification and was rehired. Hefley did not reapply for a job with the Village.

After exhausting his administrative remedies, Hefley sued the Village and Chief Davis, claiming that he had been fired because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. After somewhat protracted proceedings, the parties moved for summary judgment. The district court denied Hefley's and granted the defendants'. The court applied the modified burden-shifting approach for proving reverse discrimination that we articulated in *Mills v. HealthCare Servs. Corp.*, 171 F.3d 450, 455-57 (7th Cir. 1999), and *Phelan v. City of Chicago*, 347 F.3d 679 (7th Cir. 2003), and concluded that Hefley did not make out a prima facie case of discrimination. The court reasoned that Hefley did not demonstrate that he was meeting his employer's legitimate expectations or that different standards were used to evaluate white and non-white employees.

Hefley, who is *pro se*, purports to raise nine separate arguments on appeal, but we find it necessary to discuss only his contention that the district court erroneously granted summary judgment for the defendants. The meat of Hefley's argument is that he was unfairly subjected to the "strict" punishment of

termination for failing firearms testing, while Smith was given additional opportunities to qualify.

We evaluate a claim of reverse discrimination under the same standard applicable to any other action under Title VII; however, the type of evidence from which we can infer discrimination under the familiar *McDonnell Douglas* approach differs slightly when the plaintiff is white. *See Phelan*, 347 F.3d at 685. At the first step, instead of showing that he is member of a protected class, the plaintiff must establish the existence of "background circumstances" that support "an inference that the defendant is one of those unusual employers who discriminates against the majority," *Mills*, 171 F.3d at 455; *see Gore v. Ind. Univ.,* 416 F.3d 590, 592 (7th Cir. 2006). The remaining steps are the same: the plaintiff must show that he was meeting his employer's legitimate performance expectations, that he suffered an adverse employment action, and that he was treated less favorably than similarly situated employees of a different race. *See Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005).

We agree with the district court that Hefley did not make out a prima facie case of racial discrimination. First, Hefley cannot show that he was meeting his employer's legitimate expectations because he does not dispute that annual firearms certification was mandatory, that Rockett informed him he could not work without it, and that he failed to qualify. *See Brummett v. Lee Enterprises, Inc.*, 284 F.3d 742, 745 (7th Cir. 2002) (explaining that employee without driver's license and favorable driving record at time of his termination was not meeting legitimate expectations of employer that required both). Moreover, despite Hefley's suggestion that his supervisors did not do enough to help him qualify, an employer is not required to "bend over backwards to assist its employees with their job-related difficulties," *id.* Hefley also asserts that the positive performance reviews he received earlier in his tenure establish that he was meeting legitimate expectations. But he must prove he was doing so at the time of the discharge. *Johal v. Little Lady Foods, Inc.*, 434 F.3d 943, 946 (7th Cir. 2006); *see Brummet*, 284 F.3d at 745.

Furthermore, Hefley has not pointed to any similarly situated non-white employee who was treated more favorably than he. He compares himself to Curtis Smith, but Smith was fired on the same day as Hefley, and for the same reason, so Hefley cannot demonstrate that Smith was treated any better with respect to the consequences of failing to achieve firearms certification. The Village's decision to rehire Curtis months later says nothing of whether Hefley's firing was discriminatory. Because Hefley never reapplied, he and Curtis were not similarly situated with respect to employment decisions made after they were fired. *See Crawford v. Ind. Harbor Belt R.R.,* 461 F.3d 844, 846 (7th Cir. 2006) (noting that "similarly situated" means directly comparable to plaintiff in all material respects).

Because Hefley did not make out a prima facie case of discrimination, we do not address his contention that the reason given for his termination is pretextual. His remaining arguments, to the extent they are independent of his challenge to the grant of summary judgment for the defendants, have been considered and rejected. The judgment of the district court is AFFIRMED.