**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008[*]
Decided May 2, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3450

| | |
|---|---|
| TRAVIS J. HEFLEY, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 07 C 4455 |
| JULIE A. BRUCH, et al., | |
|     *Defendants-Appellees*. | James B. Zagel, |
| | *Judge*. |

**O R D E R**

Four years ago, Travis Hefley was fired from his job as a part-time police officer. He has challenged that termination in federal court ever since. In this case, his second lawsuit

---

[*]Because the defendants were not served with process in the district court and have elected not to participate in this appeal, the appeal has been submitted without the filing of appellees' briefs. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2).

arising from his termination, he argues that lawyers for the police department violated his civil rights in litigating his original employment-discrimination suit. The district court dismissed his complaint because it was frivolous, and we affirm.

In Hefley's first suit, he claimed that the Village of Calumet Park and its chief of police discriminated against him because he is white. Hefley lost that case, both in the district court and on appeal. See *Hefley v. Vill. of Calumet Park*, No. 06-3130, 2007 WL 1838586 (7th Cir. June 25, 2007). Dissatisfied with this result, Hefley brought a second suit against the lawyers and law firms who represented the defendants in his original suit on the theory that they had persuaded the district court to apply a "heightened pleading standard" that only applied to white people. Hefley contends that this conspiracy ran afoul of 42 U.S.C. §§ 1981, 1983, 1985, and 1986 as well as the First, Fifth, Seventh, and Fourteenth Amendments. The district court was unpersuaded and noted that, among other defects in Hefley's complaint, lawyers in private practice do not act "under color of law" and that in any event Hefley had suffered no harm because he had lost his first case on summary judgment rather than at the pleading stage. The court therefore granted Hefley's request to proceed in forma pauperis but rejected his suit as frivolous because it lacked any legal merit. See 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).

We review the district court's dismissal for abuse of discretion. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). We, too, conclude that Hefley's attempt to relitigate his original employment-discrimination suit is frivolous. Hefley first argues that the district court should not have dismissed his suit because the lawyers did act under color of law by conspiring with state actors—the Village of Calumet Park and its chief of police. Hefley apparently thinks that simply because the defendants represented state actors, they must have acted under color of law, which is a threshold requirement for his conspiracy claims. See, *e.g.*, *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). But attorneys are private actors who do not function under color of law unless they work in concert with government officials to deprive persons of their constitutional rights. See *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Thurman*, 446 F.3d at 687. Whether privately retained or appointed by a court, lawyers do not act under color of law merely by representing their clients. See *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992); *Hutcherson v. Smith*, 908 F.2d 243, 245 n.2 (7th Cir. 1990) (declining to hold that any attorney retained by a municipality automatically satisfied the "under color of law" requirement). Nor can Hefley argue that the lawyers' alleged conspiracy with the judge constituted action under color of law, for simply being on the winning side of the lawsuit is not enough to make them co-conspirators with the judge. See *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998).

Hefley next challenges the district court's conclusion that even if the defendants conspired with the judge in his original suit to apply a heightened pleading standard, he suffered no damages. Hefley contends that he was damaged because the lawyers' conduct caused him emotional pain and suffering. But he misunderstands the district court's point: assuming his allegations are true, the conspiracy was harmless because his suit survived the complaint stage. He lost on summary judgment because he failed to establish a prima facie case of race discrimination, not because his complaint was subjected to a higher pleading standard than the one ordinarily applied in employment-discrimination suits. See *Hefley v. Vill. of Calumet Park*, 2007 WL 1838586, at *1; see also *Phelan v. City of Chicago*, 347 F.3d 679, 684-85 (7th Cir. 2003). Hefley may mean to argue that the lawyers wrongly convinced the court to assess his employment-discrimination claim under the "reverse discrimination" test instead of the familiar *McDonnell Douglas* test. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). But Hefley has already contested his termination on direct appeal and lost. See *Hefley v. Vill. of Calumet Park*, 2007 WL 1838586, at *3. The district court properly dismissed Hefley's suit as frivolous.

Finally, we note that the district court granted Hefley's request to proceed in forma pauperis but neglected to revoke that status when Hefley filed his notice of appeal, despite describing Hefley's case as "patently frivolous." See 28 U.S.C. § 1915(a)(3). In cases like this one (unlike those governed by the Prison Litigation Reform Act), pauper status is ordinarily carried over on appeal automatically and the appellant need not make a separate request to proceed in this court without paying filing fees. Because the district court found that Hefley's suit was frivolous, however, it should have certified that his appeal was taken in bad faith and revoked his pauper status. See *Moran v. Sondalle*, 218 F.3d 647, 651-52 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000); see also *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.") We warn Hefley that this litigation is at an end. We trust that he will take care to avoid any frivolous filings in the future.

AFFIRMED.