**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted January 8, 2009[1]
Decided February 25, 2009

*Before*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3380

| | |
|---|---|
| TRAVIS J. HEFLEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 04 C 8032 |
| VILLAGE OF CALUMET PARK and | |
| CHIEF MARK DAVIS, | Blanche M. Manning, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Travis Hefley appeals the district court's denial of his Rule 60(b) motion on the grounds that it was time-barred and because there was no fraud involved.  Hefley's motion, which is based on exhibits that do not even mention him, alleges that opposing counsel defrauded the court by concealing information, tampering with witnesses, and

---

[1] This successive appeal has been submitted to the original panel under Operating Procedure 6(b).  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  See Fed. R. App. P. 34(a)(2).

withholding documents. In its order, the district court stated that Hefley's time-barred new evidence, even if accepted, still failed to show that Hefley could demonstrate the prima facie elements necessary for his reverse racial discrimination claim. Because we conclude that the district court properly denied the motion, we affirm.

## I. BACKGROUND

As we have already described the facts surrounding Hefley's case in our previous two orders, where both times we affirmed the decisions of the district court, we will not spend much time rehashing those events here. *See Hefley v. Village of Calumet Park*, 239 F. App'x. 276 (7th Cir. 2007); *Hefley v. Bruch et al.*, 276 F. App'x. 506 (7th Cir. 2008). This case began when Hefley was terminated from his position as a part-time police officer with the Village of Calumet Park ("Village") where he was employed from October 2001 through March 2004. Hefley claimed he was discharged due to reverse racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, and 42 U.S.C. § 1981a. In fact, Hefley was fired for cause after being unable to pass an annual police department firearms test despite being given three chances. Because Hefley was unable to show a prima facie case of reverse racial discrimination, the district court denied his claim. Hefley subsequently filed this Rule 60(b) motion claiming he discovered new evidence that the Village attempted to defraud the court by tampering with evidence.

## II. ANALYSIS

Hefley argues that the district court should have granted his Rule 60(b) motion because new evidence shows that opposing counsel defrauded the court in his reverse racial discrimination claim. Fed. R. Civ. P. 60(b)(2). We review a district court's 60(b) ruling for abuse of discretion. *Blaney v. West*, 209 F.3d 1027, 1031 (7th Cir. 2000).

The district court's order correctly states that Hefley's 60(b) motion claiming the discovery of new evidence was untimely filed. A motion under Rule 60(b)(2) must be made no more than a year after the entry of the judgment or order . Fed. R. Civ. P. 60(c)(1). Here, the final judgment ruling against Hefley was entered by the district court on May 15, 2006, and Hefley filed his 60(b) motion on August 29, 2008.

Moreover, Hefley has not shown that he can circumvent the one-year time limit because the defendants did not commit fraud under rule 60(d)(3). As evidence of fraud on the court, Hefley points to documents from other lawsuits involving the Village to which he is not a party. Hefley's brief fails to cite to the record, and the motion in the district court consisted merely of references to pleadings and depositions from other lawsuits that do not affect his case in any way. We think this is yet another attempt by Hefley to have the court reconsider its decision on his reverse discrimination claim, and we are not persuaded by his newest strategy. Because Hefley has been unable to prove

that his 60(b) motion was timely filed or that there was any fraud perpetrated by the defendants, we agree with the decision of the district court.

Finally, the defendants requested we impose sanctions against Hefley for filing a frivolous appeal. *See* Fed. R. App. P. 38. "An appeal is frivolous if it is so meritless that the result is foreordained." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 539 (7th Cir. 2007); *Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 662 (7th Cir. 2006) ("A frivolous appeal is one in which the result is obvious or when the appellant's argument is wholly without merit.") (internal quotation marks and citation omitted). The court may, at its discretion, award damages and costs to the appellee for a frivolous appeal. *Ins. Co. of W. v. County of McHenry*, 328 F.3d 926, 929 (7th Cir. 2003).

Although we agree with the defendants that this appeal lacks merit, we decline to sanction Hefley. In light of Hefley's financial circumstances, we will not impose a monetary sanction But we warn Hefley that he is "skating near the edge of the pond." *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 499 (7th Cir. 2007). If there is a next time, which we trust there will not be, he will face monetary sanctions.

### III. CONCLUSION

The order of the district court is AFFIRMED, and the appellees' motion for sanctions is DENIED.