**Joseph ARUANNO, Appellant**

v.

**Wayne BLODGETT; David Parrish; Dr. Caulk; W. Domenech; C. Grayson; Franklin, Officer; Johns, Officer; Kinney, Officer; Petrona, Officer; Carter, Officer; Wasko, Lt.; Thompson, Lt.; James R. Birchmeier; Stephen D. Holtzman; Mary Colalillo; Michael Kassel; Thomas Hambrose; Mark K. Chase; Joshua M. Ottenberg; Peter Harvey; Stuart Rabner; Philip S. Carchman; Mary F. Rubinstein; Stephen Skillman; Edwin H. Stern; James R. Zazzali; James McGreevey; Lydell Sherrer.**

No. 08–3104.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 27, 2009.

Opinion filed: Aug. 4, 2009.

---

Joseph Aruanno, Kearny, NJ, pro se.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Joseph Aruanno appeals an order of the United States District Court for the District of New Jersey dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). We will affirm.

In June 2007, Aruanno—who was civilly committed to the Northern Regional Unit in Kearny, New Jersey—filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion for leave to proceed in forma pauperis ("IFP"). He stated that "this complaint [is] an appeal in reply to the state of New Jersey not taking an honest look at a case I had filed in the state Superior Court in Camden Coun-

ty which ... then went to the [ ] Appellate Division [and] ... [t]hen went to the NJ Supreme Court." [1] Aruanno complained that unspecified constitutional rights were violated by the defendants named in the state court action, the attorneys who represented those defendants, judges who participated in the litigation, prosecutors who "failed ... to enforce the law ... by at least investigating this matter," employees of the New Jersey Administrative Office of the Courts who allegedly refused to "assign someone from outside of [the trial judge's] jurisdiction to hear [the] case," and a former governor.

By order entered December 28, 2007, and before service of process, the District Court granted the IFP motion but dismissed the complaint under § 1915(e)(2)(B). Aruanno did not file a notice of appeal. Instead, he submitted three letters to the District Court, seeking reconsideration of its decision to dismiss his complaint. By letter order dated June 11, 2008, the District Court denied Aruanno's requests for reconsideration on the merits. Aruanno then filed a timely notice of appeal.

Our review of the District Court's sua sponte dismissal of Aruanno's complaint pursuant to § 1915(e)(2)(B)(ii) is plenary. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000). We must accept as true all of the allegations contained in the complaint and draw all inferences from the facts alleged in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to [ ] dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or

---

1. In the state court action, Aruanno sued corrections officers, medical staff, and social workers associated with Riverfront State Pris-

on for "crimes and violations [that] occurred between August 2000 and July 2003."

futile." *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002). We may affirm the District Court on any basis supported by the record. *See Fairview Township v. EPA,* 773 F.2d 517, 525 n. 15 (3d Cir.1985).

■ The District Court properly dismissed Aruanno's complaint and denied reconsideration. To the extent he sought outright review by the federal courts of the state courts' dismissal of his civil complaint, his request was barred by the *Rooker–Feldman* doctrine. *See Turner v. Crawford Square Apartments, III, L.P.,* 449 F.3d 542, 547 (3d Cir.2006). In addition, the state court judges and prosecutors were immune from suit.[2] *See Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (holding that judicial officers have absolute immunity from suit when acting within their official capacities); *Kulwicki v. Dawson,* 969 F.2d 1454, 1463–64 (3d Cir.1992) (stating that prosecutorial immunity bars suit against district attorneys for their decision to initiate a prosecution). To the extent that Aruanno alleged that the defendants named in the state court action violated his constitutional rights between August 2000 and July 2003, his claims were time-barred. *See Cito v. Bridgewater Township Police Dept.,* 892 F.2d 23, 25 (3d Cir.1989) (holding that New Jersey's two-year limitations period for personal injury actions applies to civil rights claims under § 1983); *see also Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006) (holding that although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required).

■ Furthermore, we agree with the District Court that if the Riverfront State Prison employees were represented by private attorneys, those attorneys were not acting "under color of state law." *See Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir.1999) (stating that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *see also Hutcherson v. Smith,* 908 F.2d 243, 245 n. 2 (7th Cir.1990) (declining to hold that "*any* attorney working for or retained by a municipality automatically satisfies the "under color of state law" requirement of 42 U.S.C. § 1983."). Even assuming that the attorneys were acting "under color of state law," Aruanno's suggestion that they conspired to violate his constitutional rights does not state a claim that is plausible on its face. *See Ashcroft v. Iqbal,* —— U.S. ——, —— – ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). Also, Aruanno cannot state a claim under § 1983 based on his allegation that employees of the New Jersey Administrative Office of the Courts failed to transfer his case to a different judge. He has not shown that the employees had the authority to transfer his case, and, in any event, we do not see how he had any constitutional right to the transfer. *See Caperton v. A.T. Massey Coal Co., Inc.,* —— U.S. ——, ——, 129 S.Ct. 2252, 2259, 173 L.Ed.2d 1208 (2009)

---

**2.** Aruanno claims that these "defendants do not have immunity in regard to injunctive and declaratory relief." Importantly, however, Aruanno's complaint did not specify what type of declaratory or injunctive relief he sought. Although he now asserts that he seek an order directing the Camden County Prosecutor and Police Department to "investigate complaints," he has failed to demonstrate that he is entitled to such an extraordinary remedy. *See Harrington v. Almy,* 977 F.2d 37, 42 (1st Cir.1992) (holding that prosecutor's judgment concerning whether to pursue cases brought by a particular officer should be "free from damage actions or injunctive oversight in the federal court.").

(recognizing that there are few issues relating to judicial disqualification that rise to a constitutional level). Finally, the former governor of New Jersey was properly dismissed because respondeat superior cannot form the basis of liability under § 1983. *See Rizzo v. Goode,* 423 U.S. 362, 375–76, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

For the foregoing reasons, we will affirm the judgment of the District Court.

