<div style="border: 1px solid black;">

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

</div>

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 30, 2011
Decided December 22, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 10-3283 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CHRISTOPHER BERG,<br>    *Plaintiff-Appellant,* | |
| | No. 09 C 5803 |
| *v.* | |
| | Virginia M. Kendall, |
| THOMAS CULHANE, et al.,<br>    *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Christopher Berg filed suit under 42 U.S.C. § 1983 against Thomas Culhane and the Village of Oak Lawn, Illinois alleging the use of excessive force in effectuating his arrest. The case proceeded to trial, and a jury found for the defendants. Berg now appeals the judgment below. For the reasons set forth below, we affirm the judgment of the district court, and deny the defendants' motion for sanctions under Federal Rule of Appellate Procedure 38.

Around 2:00 a.m. on June 21, 2008, Christopher Berg's Porsche passed an unmarked police car occupied by defendant Thomas Culhane at a slow speed, and then sped away,

passing through a stop sign. Berg testified at trial that he motioned to the officer to follow him – he had been calling his mother and had not received a response, so was worried that something had happened to her. Officer Culhane, however, testified that he was not asked or gestured to follow. Officer Culhane put on his sirens and pursued Berg, who eventually pulled into his own driveway. Culhane did not know the house belonged to Berg, and ordered him out of the car. But Berg did not comply (he testified that he feared the officer's gun), and eventually Culhane dragged him out of the car by his hair and threw him to the ground, where his head slammed against the concrete. Culhane ordered Berg to put his hands behind his back, and when Berg refused, Culhane struck him several times in the back until he was able to get Berg's hands behind his back and arrest him.

On April 8, 2009, a Circuit Court of Cook County, Illinois jury convicted Berg of one count of aggravated fleeing and eluding a police officer. Berg appealed the conviction, which was upheld by the Illinois Appellate Court. Berg retained attorney Scott Kamin sometime in May 2009 to work on various criminal and civil matters. Kamin apparently suffers from epilepsy, which Berg admits he knew. On September 17, 2009, Berg, through Kamin, filed a complaint in the Northern District of Illinois for excessive force under section 1983, and state law claims for battery, intentional infliction of emotional distress and indemnification against Officer Culhane and the Village of Oak Lawn. But the state law claims were clearly time-barred, and the defendants moved to dismiss those claims. Berg voluntarily amended the complaint to eliminate the state claims.

The case was scheduled for trial on August 30, 2010. Kamin did not comply with pre-trial orders – he failed to participate in the required joint pre-trial order, for which he was later sanctioned by the district court. He also failed to arrange for his client, who was incarcerated at the time, to attend the trial and testify. The defendants alerted the court to Berg's incarceration and the court arranged for Berg's attendance at trial. Berg also notes that Kamin's opening and closing statements at trial are not easy to follow. The jury returned a verdict for the defendants, and the court, after a motion by the defendants, entered an "amended judgment" in favor of the defendants, from which this appeal is taken.

At some point, though it is not specified when, an Illinois Attorney Registration & Disciplinary Commission ("ARDC") action was filed against Kamin. Though not part of the trial record, Berg submits on appeal a letter Kamin wrote in response to the ARDC inquiry, in which he states that Berg knew about his epilepsy, that his epilepsy has never affected any of his work in court, and that he did not suffer an epileptic seizure during Berg's trial.

On appeal, Berg argues that his trial counsel was not competent, suffered from medical conditions that affected his performance, and that counsel's deficient performance deprived Berg of his day in court. This court, however, has repeatedly rejected the "argument that retrial

is a proper remedy for defective representation in a civil action." *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). "Our cases make it quite clear that there is no Sixth Amendment right to effective assistance of counsel in a civil case." *Id.* (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000) (finding that ineffective assistance of counsel is not proper grounds for collaterally attacking a civil judgment)); *see also Hutcherson v. Smith*, 908 F.2d 243, 245 (7th Cir. 1990) ("[I]t is a well-established principle of law that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases."). "The proper remedy for inadequate representation in a civil case lies not in dragging the opposing party through another trial, but rather in a malpractice action against the offending attorney." *Stanciel*, 267 F.3d at 581 (citing *Pokuta v. Trans World Airlines Inc.*, 191 F.3d 834, 840 (7th Cir. 1999)).

Berg attempts to distinguish his case by suggesting that he does not seek as a remedy a new trial based on counsel's errors, but that the district court had a *sua sponte* responsibility to disqualify trial counsel based on counsel's deficient performance. We do not see this as much of a distinction. First, we find no support in the case law for the proposition that district court judges have an obligation to *sua sponte* remove a litigant's chosen counsel in civil cases where counsel fails to follow the court's instructions or otherwise proves deficient. *Cf. Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848-49 (7th Cir. 2009) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962), for the proposition that "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"). His argument that imposing such a requirement on trial judges is preferable to requiring separate malpractice suits similarly lacks support, and we are not capable of making such a determination in this appeal, especially in a case where the argument relies on facts outside the trial record (including Kamin's medical situation). Second, even if there were some error on the part of the district court, the only available remedy for that error that Berg could seek would be, in fact, a new trial. And as we have stated above, such a remedy is not permitted in the civil context where the underlying concern is trial counsel's performance and the quality of plaintiff's representation. Finally, Berg was not actually denied his "day in court" as a result of his counsel's pre-trial errors – his case proceeded to trial and the jury deliberated and reached a verdict. Accordingly, Berg's argument relating to the defective nature of his trial counsel's performance fails.

The only remaining issue is defendants' motion for sanctions under Federal Rule of Appellate Procedure 38. Rule 38 states that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Here, the defendants have separately filed a motion, to which plaintiff's counsel has responded.

Despite her policy disagreements with having to "burden the courts" with separate malpractice suits for trial counsel's deficient performance, appellate counsel, as shown in the

briefs before this court, was well aware of the settled rule that such suits are the proper remedy in civil cases. She filed this appeal anyway. The defendants argue that such an appeal is frivolous, grounds enough for invoking sanctions under the rule. But "Rule 38 is permissive"; we may "decline to impose sanctions even if the appeal is frivolous." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 566 (7th Cir. 2011) (citing *Indep. Lift Truck Builders Union v. Nacco Materials Handling Group*, 202 F.3d 965, 969 (7th Cir. 2000)). "How we exercise [our] discretion may turn on our perception of whether an appellant acted in bad faith." *Id.* (quoting *Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000)). While appellate counsel is "skating near the edge of [her] pond," *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 499 (7th Cir. 2007), we find no evidence of bad faith or an intent to delay or harass the defendants, and decline in this case to impose monetary sanctions. However, we admonish counsel for appellant, Lori S. Klingman, that the claims raised on appeal do not meet our standards for presenting and developing non-frivolous arguments, and we warn her against bringing such claims in the future.

The judgment of the district court is **AFFIRMED**, and the defendants-appellees' motion for sanctions is **DENIED**.