**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1344
_____

HALL MC-NEAL WHITE, JR.,
                                        Appellant

v.

LENNOX S. HINDS, ESQ;
STEVENS, HINDS & WHITE, P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:13-cv-07441)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2016

Before:  FISHER, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed January 11, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Hall Mc-Neal White Jr. ("White") appeals from the judgment of the United States District Court for the District of New Jersey dismissing his civil rights case. We will affirm.

I.

In October 2006, White, represented by Lennox Hinds, Esq. ("Hinds)", brought a complaint under 42 U.S.C. § 1983 in the District Court of New Jersey against state defendants.[1] In 2009, the District Court allowed Hinds to withdraw from his representation of White. In December 2013, White filed a new complaint in the District Court, raising 12 separate § 1983 claims against Hinds and Hinds' law firm. In eleven of those claims, White alleged that that his constitutional rights were violated by Hinds' negligence in prosecuting White I.[2] His twelfth claim alleged conspiracy, asserting that Hinds and the White I defense lawyers had conspired against him in favor of the White I state defendants, and that, by conspiring with the defense lawyers (one of who was a municipal attorney), Hinds became a state actor and violated White's constitutional rights. Hinds responded with a motion under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.

---

[1] See White v. City of Trenton, et al. ("White I"), 3:06-cv-05177 (D.N.J. 2014).

[2] The matter was settled in 2014. See White I, 3:06-cv-05177, ECF # 136 (D.N.J. Apr. 10, 2012); ECF # 170, (D.N.J. Apr. 7, 2014).

In June 2015, the District Court dismissed the complaint for lack of subject matter jurisdiction.[3] The District Court concluded that White's conspiracy claim, which it understood as a 42 U.S.C. § 1983 claim, was not valid as pleaded because Hinds was not a state actor. The District Court concluded that White's other 11 claims were state-law legal malpractice claims and that he had not adequately pleaded diversity jurisdiction, as both he and Hinds were New Jersey residents. The District Court also determined that amendment would be futile. White filed a motion for reconsideration, which the District Court denied. This appeal timely followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review where the District Court dismisses for lack of subject matter jurisdiction, see Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000), and review the denial of a motion for reconsideration for abuse of discretion, see Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). A defendant may mount a factual or facial challenge to jurisdiction – and where he mounts a facial attack on jurisdiction, he contests the sufficiency of the pleadings, and we accept the factual allegations in the complaint as

---

[3] The District Court cited Bell v. Hood, 327 U.S. 678, 682-83 (1946), for the substantiality doctrine, i.e., that there are claims so frivolous that federal courts lack jurisdiction over them. See Hagans v. Lavine, 415 U.S. 528, 538 (1974) (noting that "substantiality doctrine" is "more ancient than analytically sound"); but see N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 371 (3d Cir. 2015) (using doctrine).

3

true.  See Hartig Drug Co. Inc. v. Senju Pharma. Co. Ltd., 836 F.3d 261, 268 (3d Cir. 2016).  We may affirm on any ground supported by the record.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 (3d Cir. 2002).

The District Court's analysis turned on the conclusion that none of the defense attorneys in White I were state actors.  The Court rejected White's argument that Hinds became a state actor by colluding with private attorneys representing state defendants, and appears not to have noticed that one attorney, Kimberly Wilson, is evidently a municipal attorney.[4]  See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

We need not decide whether Hinds qualifies as a state actor, however, because we may treat a dismissal under Rule 12(b)(1) as if it were grounded on Rule 12(b)(6), especially if a plaintiff treats it as such and the District Court addresses whether the plaintiff had established the prerequisites for each claim.  See Maio v. Aetna, 221 F.3d 472, 481 n.7 (3d Cir. 2000); see also Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 254 (2010) (confronting a circumstance where such an error was harmless); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991).  We will do so here because in White's Answer to Hinds' 12(b)(1) motion, he appeared to defend on the basis of 12(b)(6); the District Court addressed the sufficiency of the complaint; and on

---

[4] See Hutcherson v. Smith, 908 F.2d 243, 245 n.2 (7th Cir. 1990).

4

appeal, White makes arguments regarding both subject-matter jurisdiction and the sufficiency of the complaint.[5]

When applying Rule 12(b)(6), "we accept the factual allegations contained in the Complaint as true, but disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009)). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft, 556 U.S. at 678.

As the District Court explained, White insufficiently alleged that Hinds acted with defense counsel, received their aid, or otherwise engaged in conduct attributable to the state. See Angelico, 184 F.3d at 278-79. White did not allege facts sufficient to support a civil conspiracy claim, instead making conclusory statements without alleging any facts to show the existence of an agreement between the parties here. See Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009); see also Dalhberg v. Becker, 748 F.2d 85, 93 (2d Cir. 1984).[6] We perceive no error in the District Court's decision to deny White leave to amend. See Grayson, 293 F.3d at 112-13.

---

[5] The District Court correctly determined that because White and Hinds are both residents of New Jersey, there is not complete diversity. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183 (3d Cir. 2008).

[6] Because White's other claims were state legal malpractice claims, the District Court

Accordingly, we will affirm the District Court's judgment. To the extent White asks us to remand his complaint to state court, the motion is denied.

---

correctly declined to exercise jurisdiction over those claims.